554 So.2d 139 (1989)
STATE of Louisiana, Appellee,
v.
Tyrone WILLIAMS, Appellant.
No. 21175-KA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
*140 Carey J. Ellis, III, Rayville, for appellant.
Mark Posey and Penny Wise-Douciere, Asst. Dist. Attys., Rayville, for appellee.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
NORRIS, Judge.
The defendant, Tyrone Williams, was charged by bill of information with armed robbery, LSA-R.S. 14:64. He subsequently pled guilty as charged. After reviewing a pre-sentence investigation report ("PSI"), the district judge imposed the maximum sentence of 99 years at hard labor without benefit of parole, probation or suspension of sentence. Williams appeals, urging constitutional excessiveness and noncompliance with the mandatory sentencing guidelines. Our examination of the record reveals an error patent which requires us to reverse the conviction and sentence, set aside the guilty plea and remand the case for further proceedings.
At the outset we note a technical yet inconsequential deficiency in the bill of information. It charges that on January 7, 1988, Williams, "while armed with a dangerous weapon robbed Shoemaker's Fast Stop, Rayville, Louisiana[.]" Armed robbery is defined as taking from a person, so a bill alleging a taking from a place of business is technically deficient. This precise deficiency, however, was considered in State v. James, 305 So.2d 514 (La.1974). The supreme court concluded that the deficiency did not result in reversible error because the accused was fairly advised of the "nature and the cause of the accusation against him." See LSA-Const. Art. 1, § 13 (1974); LSA-C.Cr.P. art. 464. The instant bill is thus not fatally defective.
Williams was adjudged guilty by plea. Deficiencies arising from the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. State v. Godejohn, 425 So.2d 750 (La.1983); LSA-C.Cr.P. art. 920(2). For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation and the right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). The defendant must also be apprised of the maximum penalty exposure in order to enter a knowing and intelligent plea of guilty. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Smith, 513 So.2d 544 (La.App.2d Cir. 1987). Failure to advise the defendant that the time imposed must be without benefit of parole, probation or suspension of sentence undermines the knowing and intelligent nature of the plea. State ex rel. LaFleur v. Donnelly, supra; State v. Smith, supra, and citations therein. Failure to advise the defendant of the maximum sentence of the crime to which he pleads is error patent. State v. Young, 535 So.2d 1150 (La.App.2d Cir.1988).
At Williams's Boykin hearing, the district judge informed him that "the maximum sentence which the court might impose will be imprisonment for up to ninety-nine years." R.p. 44. However, the maximum sentence for armed robbery is 99 years at hard labor without benefit of parole, probation or suspension of sentence. R.S. 14:64B. The instant Boykin colloquy failed to apprise Williams of the correct *141 maximum sentence; it also failed to advise him that any time imposed would necessarily be at hard labor. It is therefore deficient. The record does not otherwise indicate that Williams was properly advised of these possible consequences of his guilty plea.
We are naturally reluctant to set aside guilty pleas as not knowingly or willingly entered. However, the shortcoming found here is reversible error which we are bound to notice. See State v. Young, supra, and State v. Godejohn, supra. Moreover, various policy considerations involved in the instant case counsel in favor of this resolution. A sentence of 99 years with eligibility for parole can be understood as a sentence of much less than 99 years and one which a defendant might willingly risk by pleading guilty. The same sentence without benefit is, for all practical purposes, a life sentence, and one which a defendant might reasonably argue he did not willingly risk. See State v. Smith, supra at 548. Williams might well advance such an argument by a petition for post conviction relief several years hence and receive a collateral reversal of his conviction. By this time the evidence might be stale or unavailable, making a new conviction hard to obtain. In order to prevent a miscarriage of justice, we feel it is better to note the error patent and correct it now, while a fair result may still be assured. We will therefore reverse Williams's conviction and sentence, vacate his guilty plea, and remand the case for further proceedings.
Because of this disposition, we pretermit discussion of Williams's assignment of error, constitutional excessiveness. We would only note that maximum sentences are typically reserved for cases of the worst offender and the worst offense. State v. Soco, 441 So.2d 719 (La.1983). As such, they must be imposed with close observance of the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1 and justified by a firm factual basis. State v. Davis, 430 So.2d 680 (La.App.2d Cir.1983), writ denied 433 So.2d 1056 (La.1983).
CONVICTION AND SENTENCE REVERSED; GUILTY PLEA VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.