635 So.2d 481 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Isiah MONROE, Defendant-Appellant.
No. 25825-KA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
Indigent Defender Bd by Terri Lynn Bush, Benton, for defendant-appellant.
Richard Ieyoub, Atty. Gen., James Bullers, Dist. Atty., Whitley R. Graves, Asst. Dist. Atty., Benton, for plaintiff-appellee.
Before NORRIS, HIGHTOWER and PRICE, Ad Hoc, JJ.
PRICE, Judge Ad Hoc:
Appellant, Isiah Monroe, pled guilty to attempted armed robbery and was sentenced to 30 years at hard labor without benefit of parole, probation or suspension of sentence. Appellant contends that his sentence is excessive and that sufficient aggravating circumstances do not exist to warrant the departure from the suggested sentence range. This court recognizes that, during the guilty plea colloquy, the trial judge did not inform appellant that his sentence would be necessarily served without benefit of parole, probation or suspension of sentence. Therefore, the conviction and sentence are reversed, the guilty plea vacated, and the case is remanded for further proceedings.

BACKGROUND
On July 10, 1992, the Thrifty Liquor store located at 5505 East Texas Street in Bossier City, Louisiana, was robbed of $6.93. The assailant, who was armed with a .25 caliber semi-automatic gun, entered the store, asked for change and then demanded the cashier produce money from the cash register.
Appellant was charged by bill of information with armed robbery, under LSA-R.S. 14:64. He subsequently pled guilty to attempted armed robbery. In exchange for the guilty plea, the state agreed that a multiple offender bill would not be filed against appellant. The trial court sentenced appellant *482 to 30 years at hard labor without benefit of parole, probation or suspension of sentence. The court denied appellant's motion to reconsider sentence. In the one assignment of error, appellant contends the sentence imposed by the trial court is excessive as it exceeds the sentencing guidelines and sufficient aggravating circumstances do not exist to warrant the sentence imposed.

ERROR PATENT
An error that is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence shall be considered on appeal. LSA-C.Cr.P. Art. 920(2). After a review of the record, there appears to exist a potential problem of an involuntary plea.
Before allowing the guilty plea of attempted armed robbery, the trial court inquired as to whether appellant was aware that he could be subjecting himself to a 49-½ year penitentiary sentence. Appellant responded affirmatively. However, the trial judge did not advise appellant that the sentence must be served without benefit of parole, probation or suspension of sentence as mandated by the statute. Therefore, appellant may have pled guilty under the mistaken belief that the maximum sentence would consist of only 49-½ years rather than 49-½ years without benefit of parole, probation or suspension of sentence.
Monroe was adjudged guilty by plea. Deficiencies arising from the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. State v. Godejohn, 425 So.2d 750 (La.1983). For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation and the right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). The defendant must also be apprised of the maximum penalty exposure in order to enter a knowing and intelligent plea of guilty. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Young, 535 So.2d 1150 (La.App.2d Cir.1988).
This later requirement has been extended so that, additionally, if the statute under which the defendant is pleading guilty provides that the sentence is to be served without benefit of parole, probation or suspension of sentence, the defendant must be so informed. State v. Williams, 554 So.2d 139 (La.App.2d Cir.1989).
The instant Boykin colloquy failed to apprise appellant of the correct maximum sentence and is therefore deficient. The record does not otherwise indicate that Monroe was properly advised of the possible consequences of his guilty plea.
In State v. Williams, supra, this court recognized that
[w]e are naturally reluctant to set aside guilty pleas as not knowingly or willingly entered. However, the shortcoming found here is reversible error which we are bound to notice. [Citations omitted]. Moreover, various policy considerations involved in the instant case counsel in favor of this resolution. A sentence of 99 years with eligibility for parole can be understood as a sentence of much less than 99 years and one which a defendant might willingly risk by pleading guilty. The same sentence without benefit is, for all practical purposes, a life sentence, and one which a defendant might reasonably argue he did not willingly risk. [Citation omitted.]

Williams, 554 So.2d at 141.
Similarly, in the instant case, a sentence of 49-½ years without benefit of parole, probation and suspension of sentence as opposed to 49-½ years (with benefit of parole, probation or suspension of sentence) constitutes a marked difference in sentence and is reversible error which we are bound to notice.
Because of this disposition, we pretermit discussion of appellant's assignment of error in which he alleges excessive sentence. We note, however, that sentences must be imposed with proper consideration of the Louisiana Sentencing Guidelines. LSA-C.Cr.P. Art. 894.1. State v. Smith, 629 So.2d 333 (La.1993).
*483 Based on the foregoing, we reverse Monroe's conviction and sentence, vacate his guilty plea and remand the case for further proceedings in accordance with the views expressed herein.
CONVICTION AND SENTENCE REVERSED; GUILTY PLEA VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.