641 So.2d 728 (1994)
STATE of Louisiana, Appellee,
v.
Rudolph HODGES, Appellant.
No. 26,171-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
*729 Carey J. Ellis, III, Rayville, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., Rayville, Johnny R. Boothe, Asst. Dist. Atty., Winnsboro, for appellee.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
PER CURIAM.
Rudolph Hodges pled guilty to operating a motor vehicle while intoxicated, third offense. The trial court sentenced him to five years hard labor pursuant to a plea agreement. Hodges contends that his sentence is excessive. Finding that the trial court failed to inform defendant that a portion of his sentence would necessarily be served without benefit of parole, probation or suspension of sentence, we reverse defendant's sentence and conviction, vacate the guilty plea, and remand for further proceedings.
On January 22, 1993, Rudolph Hodges operated a vehicle while under the influence of alcohol, a violation of LSA-R.S. 14:98. The state charged Hodges with DWI, fourth offense. In exchange for a plea agreement, Hodges agreed to a reduced charge of DWI, third offense and a sentence of five years. The trial court sentenced Hodges to five years after a guilty plea of DWI, third offense by defendant. However, the guilty plea colloquy indicated that the trial court did not advise defendant that at least six months of the sentence shall be imposed without benefit of parole, probation or suspension of sentence in accord with LSA-R.S. 14:98(D). The colloquy does not reveal that defendant agreed to a five-year non-suspendable sentence.
Deficiencies arising from the guilty plea colloquy are error patent and the reviewing court is bound to recognize them. State v. Godejohn, 425 So.2d 750 (La.1983). If the statute under which the defendant is pleading provides that the sentence is to be served without benefit of parole, probation or suspension of sentence, the defendant must be so informed. State v. Monroe, 25,825 (La.App.2d Cir. 3/30/94) 635 So.2d 481; State v. Williams, 554 So.2d 139 (La.App.2d Cir. 1989).
Because the record before us does not adequately demonstrate that the trial court properly advised Hodges of the possible consequences of his guilty plea, we reverse Hodges' conviction and sentence, vacate his guilty plea, and remand the case for further proceedings.
CONVICTION AND SENTENCE REVERSED; REMANDED.