674 So.2d 1057 (1996)
STATE of Louisiana, Appellee,
v.
James Preston POWELL, Appellant.
No. 28,173-KA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1996.
*1058 Richard E. Norred, Assistant Indigent Defender, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Assistant District Attorney, for Appellee.
Before SEXTON, NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, James Preston Powell, was charged by bill of information with driving while intoxicated, third offense, a violation of LSA-R.S. 14:98(D). Pursuant to a plea agreement, the defendant pled guilty to the offense, and under State v. Crosby, 338 So.2d 584 (La.1976), reserved his right to appeal his status as a multiple offender under the driving while intoxicated statute. The trial court sentenced the defendant to serve one year imprisonment at hard labor with six months of that sentence suspended. Although defendant appealed to this court contending that the trial court erred in failing to quash the indictment,[1] we note an error patent which requires that this case be remanded to the district court with instructions.

DISCUSSION
We note an error patent in the guilty plea colloquy. The plea colloquy forms a part of the proceeding which may be inspected for error patent on the face of the record. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Watts, 550 So.2d 711 (La.App.2d Cir.1989).
On April 21, 1994, James Powell operated a vehicle under the influence of alcohol, a violation of LSA-RS. 14:98. At the time of the offense, Powell had two prior convictions for driving while intoxicated, one in 1984 and one in 1985. Therefore, Powell was charged with driving while intoxicated, third offense under LSA-R.S. 14:98(D) which provides that at least six months of a sentence for driving while intoxicated, third offense must be served without benefit of parole, probation, or suspension of sentence. The defendant pled guilty to the offense charged and reserved his right to appeal his status as a multiple driving while intoxicated offender.
In addition to a waiver of the right to trial by jury, the right of confrontation, and the right against compulsory self-incrimination, in order to make a knowing and intelligent decision to plead guilty, the defendant must be advised of the penalty exposure for the offense to which he pleads guilty. See State v. Smith, 513 So.2d 544 (La.App.2d Cir.1987); See State v. Garth, 622 So.2d 1189 (La.App.2d Cir.1993). Further, if the statute under which the defendant is pleading provides that the sentence is to be served without benefit of parole, probation or suspension of sentence, the defendant must be so informed. State v. Monroe, 25,825 (La.App.2d Cir. 3/30/94), 635 So.2d 481; State v. Williams, 554 So.2d 139 (La.App.2d Cir. 1989); State v. Hodges, 26,171 (La.App.2d Cir. 8/17/94), 641 So.2d 728. The due process *1059 requirement for a knowing and intelligent or voluntary plea may be satisfied either by the court or by explanation from defense counsel that defendant was counseled before the plea was entered. State v. Mitchell, 561 So.2d 819 (La.App.2d Cir.1990). Deficiencies in the guilty plea colloquy are error patent and the reviewing court is bound to recognize them. State v. Garth, supra at 1191.
The plea colloquy in the present case reflects that Powell validly waived his rights to confrontation and jury trial and his privilege against self-incrimination. However, the colloquy is devoid of advice, either from the court or counsel, of the penalty for driving while intoxicated, third offense. Further, defendant was not advised that at least six months of his sentence must be served without benefit of parole, probation, or suspension of sentence.
The record shows that the defendant may not have knowingly and intelligently pled guilty to driving while intoxicated, third offense. Therefore, we conditionally vacate the conviction and sentence of the defendant, James Preston Powell, and remand this case to the trial court for a hearing, within a reasonable time, regarding the voluntariness of defendant's plea. If it is determined that the plea was knowingly and intelligently entered after the defendant was counseled or informed of the penalty exposure for driving while intoxicated, third offense by his attorney, the record shall be supplemented accordingly and the defendant may then be granted an appeal of that determination. If it is determined that the plea was not knowingly and intelligently entered, the plea shall be set aside and further prosecution of the defendant may be undertaken. See State v. Garth, supra.
Because of the above stated disposition, we decline to discuss the defendant's assignment of error concerning the denial of his motion to quash the bill of information.
CONDITIONALLY VACATED AND REMANDED.
NOTES
[1] Upon the filing of defendant's appeal with this court, we issued an order directing both parties to show cause why this matter should not be summarily docketed, disposed of without oral argument and reversed because of the trial court's failure to inform the defendant of the minimum mandatory sentence for driving while intoxicated, third offense. The trial court's failure to inform the defendant of the minimum mandatory sentence was the only issue briefed by the parties.