698 So.2d 69 (1997)
STATE of Louisiana, Appellee,
v.
Gerald Lynn McGEE, Appellant.
No. 30329-KW.
Court of Appeal of Louisiana, Second Circuit.
July 30, 1997.
Mills, Timmons & Flowers by Peter R. Flowers, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
*70 BROWN, Judge.
In July 1996, the state charged Gerald L. McGee with 4th offense D.W.I. McGee filed a motion to quash two prior predicate D.W.I. convictions which occurred in 1991.
The transcript of the January 18, 1991 proceedings shows that McGee, represented by counsel, pled guilty to two charges of D.W.I. 3rd offense with an agreement that he would receive concurrent five-year sentences.
La.R.S. 14:98, as in effect in 1991, provided that on a third conviction for D.W.I. "at least six months of the sentence of imprisonment imposed shall be without benefit of parole, probation, or suspension of sentence."
During the 1991 colloquy, McGee said that he understood what sentence he would receive; that his attorney had explained the nature of the D.W.I. 3rd offense charges; and, that he had no questions concerning the sentence.
The trial court advised McGee of the maximum sentence for the charges prior to accepting his guilty pleas, but did not state that at least six months had to be served without benefit of parole. The court, after accepting the guilty pleas, imposed the five-year concurrent sentences agreed upon and stated that six months would be without benefit of parole. The defense did not object, nor did McGee make any comment concerning the concurrent sentences. McGee filed no post conviction relief application. The record does not show how much time McGee actually served.
The trial court overruled the motion to quash. We affirm.
The entry of a guilty plea must be a free and voluntary choice. Furthermore, a decision to plead guilty will not be considered free and voluntary unless the transcript of the plea shows that a defendant was advised by the court and expressly waived his right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In State v. Nuccio, 454 So.2d 93, 104 (La.1984), our supreme court stated:

Boykin, furthermore, only requires that a defendant be informed of the three rights enumerated above. Its scope has not been expanded to include advising defendant of any other rights which he may have, nor the possible consequences of his actions.
In the present case, the transcript of the 1991 guilty pleas demonstrates that defendant's three specific Boykin rights were explained and expressly waived. Defendant further stated that he understood he would receive two concurrent five-year sentences. Immediately after accepting defendant's two pleas, the court imposed the agreed upon sentences and specifically stated that at least six months would be without benefit of parole, probation or suspension.
The failure of the record to show that a defendant pleading guilty was informed that the statutory penalty would be without benefit of parole is not a requirement of Boykin and does not automatically render the plea invalid. See State v. Powell, 28, 173 (La.App.2d Cir. 05/08/96), 674 So.2d 1057; State v. Harris, 601 So.2d 779 (La.App. 1st Cir.1992); Trujillo v. United States, 377 F.2d 266 (5th Cir.1967).
An understanding of ineligibility for probation or parole in some cases is important. When a mistake or misunderstanding of such eligibility affects the free exercise of choice, a motion to withdraw the plea or an application for post-conviction relief should be filed where involuntariness can be established. See State ex rel. La Fleur v. Donnelly, 416 So.2d 82 (La.1982).
McGee did not move to withdraw his pleas or file for post-conviction relief and he can not now collaterally attack these 1991 pleas in this proceeding.[1] A review of the 1991 transcript of the pleas, however, supports the trial court's belief that McGee understood and agreed to the statutory requirement that six months be without benefit of parole.
Defendant cites this court's decision in State v. Hodges, 26,177 (La.App.2d Cir. *71 08/17/94), 641 So.2d 728. The automatic, prophylactic remedy of Hodges has not been followed in a later line of decisions from this court. In State v. Powell, supra, this court remanded for a hearing regarding the voluntariness of defendant's plea rather than vacating the plea, where the defendant had not been advised that at least six months of a 3rd offense D.W.I. penalty must be served without benefit of parole. Also, State v. Anderson, 27,356 (La.App.2d Cir. 09/27/95), 661 So.2d 542, states:
Where the record establishes that an accused was informed of and waived his right to trial by jury, to confrontation and against self-incrimination, then the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. (emphasis added).
AFFIRMED.
NOTES
[1] C.Cr.P. Art. 930.8 sets a three-year period after judgment of conviction and sentence has become final within which to file an application for post conviction relief.