11 BROWN, Judge.
Defendant, Willie Lee Thomas, originally charged with armed robbery of Kendrick Armstead and attempted armed robbery of Dewayne Briggs, pled guilty to one count of first degree robbery and was sentenced to seven years at hard labor without benefit of parole, probation or suspension. Defendant appeals, urging only that his sentence is excessive. We affirm.

Factual Background

On the evening of July 21,1996, Armstead and Briggs were walking down the railroad tracks in the town of Plain Dealing, Louisiana, when defendant, armed with a .38 caliber revolver, got out of a ear driven by Billy White, and ordered Armstead and Briggs to get on the ground and empty their pockets. Defendant took $80 from Armstead and Briggs’ wallet which contained no money. Defendant then told the men to “eat the wind and don’t look back” or he would shoot.
Shortly thereafter defendant and White were arrested south of Plain Dealing in Benton. Sixty dollars and the .38 were recovered from defendant and $20 from White. Defendant gave a taped confession and was identified by both victims as their assailant.

Discussion

Error Patent

The entry of a guilty plea must be voluntary, that is informed and uncoerced. Unless an accused is advised on the record of his privilege against self-incrimination, the right to trial by jury and the right to confront his accusers, a waiver cannot be presumed. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. McGee, 30,329 (La. App.2d Cir. 07/30/97), 698 So.2d 69.
[2The record reflects that defendant entered a plea of guilty to one count of a lesser responsive charge of first degree robbery. The trial court determined that defendant was 25 years old and had a twelfth grade education. Defendant acknowledged that he understood the nature of the original charges against him and the one to which he was pleading guilty and that he had discussed the matter fully with his attorney.
The trial court informed defendant of the his privilege against self-incrimination, and right to trial by jury and confrontation as set forth in Boykin and determined that defendant’s plea was his free and informed choice. The court read the penalty provision of the first degree robbery statute as follows:
Whoever commits the crime of First Degree Robbery shall be imprisoned at hard labor for not less than three years and not more than forty years without the benefit of parole, probation or suspension of imposition or execution of sentence.
At this point the trial court added:
And of course that means that at least three years has to be served without benefit of parole, probation of suspension or execution of sentence. (Emphasis added).
Defendant acknowledged his understanding of the potential penalty. Finally, the colloquy includes the prosecutor’s recitation of the facts surrounding the charge and defendant’s agreement to the correctness of the facts as set forth by the district attorney.
The guilty plea colloquy in this case shows that defendant was informed of and waived his triad of Boykin rights and that he was informed of the penalty range for first degree robbery. After reading the specific penalty provision to defendant, the trial court added “[A]nd of course that means that at least three years has to be served without benefit of parole ...” Nonetheless, previous *161 ly in the colloquy, the court correctly informed defendant that La.R.S. 14:64.1, the statute of conviction, provides that the entire sentence, rather than just three years, |3be served without benefit. Defendant has not complained on appeal that his plea was involuntary because of confusion as to whether his sentence would be served partly or wholly without benefit. At this point, for this court to assume what defendant knew and how that affected the character of his guilty plea would be speculation. This is not error patent on the face of the record. State v. Frith, 30,555 (La.App.2d Cir: 04/08/98), 711 So.2d 388; State v. McGee, supra; State v. Jones, 28,929 (La.App.2d Cir. 04/02/97), 691 So.2d 858; State v. Anderson, 27,356 (La.App.2d Cir. 09/27/95), 661 So.2d 542.

Excessiveness of Sentence

Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. Strange, 28,466 (La.App.2d Cir. 06/26/96), 677 So.2d 587.
Defendant had prior misdemeanor and felony convictions. The instant charge arises out of defendant’s use of a handgun to rob two unarmed victims. Defendant was allowed to plead guilty to one count of first degree robbery, which substantially reduced his sentencing exposure. His actual sentence was at the lower end of a possible 40 year term. We cannot say that defendant’s seven year hard labor sentence without benefit of parole is excessive.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.
WILLIAMS, J., dissents with written reasons.