1SAUNDERS, Judge.
On October 29, 1997, Defendant tendered a plea of guilty to aggravated oral sexual battery, a violation of La.R.S. 14:43.4. On March 31, 1998, Defendant was sentenced to serve ten years imprisonment in the custody of the Louisiana Department of Corrections, without the benefit of parole, probation or suspension of sentence. Defendant now appeals asserting one assignment of error.
FACTS
Between January 25, 1997, and March 12, 1997, Defendant had his seven-year-old stepdaughter perform oral sex on him, without the lawful consent of the victim, a juvenile under the age of twelve. On September 11, 1997, Defendant was charged by bill of indictment with one count of attempted aggravated rape and one count of aggravated oral sexual battery, in violation of La.R.S. 14:42 and 14:43.4, respectively. On October 27, 1997, Defendant waived the reading of the bill of | ^indictment, tendered a plea of not guilty and requested a jury trial. However, at the request of newly enrolled counsel, the court vacated the prior arraignment and the public defender’s office was relieved of their appointment. On October 29, 1997, Defendant waived the reading of the bill of indictment and tendered a plea of guilty to the charge of aggravated oral sexual battery. The court explained the form entitled “Waiver of Constitutional Rights & Plea of Guilty,” which had been previously discussed between Defendant and counsel and signed by both. Defendant stated he understood his rights and waived them. The State presented the facts of the case to the court and Defendant concurred. The court accepted Defendant’s guilty plea and then discussed and questioned Defendant regarding the forms entitled “Notification of Sex Offender” & “Registration of Sex Offender.” The court ordered a pre-sentence investigation report and denied Defendant’s request for bond.
On March 31, 1998, Defendant was sentenced to serve ten years imprisonment in the custody of the Louisiana Department of Corrections, without the benefit of parole, probation or suspension of sentence. The court also ordered Defendant to submit blood and saliva samples, to be taken by either the Pathology Lab or some other qualified physician, with the results to be submitted to the Louisiana Bureau of Criminal Identification and Information for Genetic Markers and Secretor status. The trial judge further ordered Defendant be HIV tested, and if positive, that the results be reported to the Department of Public Safety and the results of any testing, whether, positive or negative be reported to the victim’s parents. The court also ordered that Dr. Aretta Rathmell and Dr. James Anderson be appointed to a Sexual Predator Commission to be set up under the provisions of La.R.S. 15:541(12), for the determination of whether Defendant is a sexually violent predator under the provisions of La.R.S. 15:541(10), with the results reported to the court. The court further ordered Defendant not to visit, bother, contact, or harass the victim or her | afamily in any manner. Defendant filed a motion to reconsider sentence on April 7, 1998, as well as a motion for appeal and *1249 designation of record. Additionally, on June 19, 1998, Defendant filed a motion to quash the Sexual Predator Commission, but he later filed a motion to dismiss this motion on August 21,1998. On September 25, 1998, the court held a hearing on the Sexual Predator Commission findings, and the court found that Defendant was not a sexual predator.
On November 6, 1998, the court held a hearing on Defendant’s motion to reconsider sentence, which was denied and Defendant was additionally ordered to attend any group therapy available to him while incarcerated.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There is one error patent.
The trial court did not personally inform Defendant of the nature or penalty range of the charge to which he was pleading. La.Code Crim.P. art. 556.1(A)(1), which became effective August 15, 1997, provides as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing Defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
Although the trial court asked Defendant if he understood the maximum and minimum sentences provided by law and Defendant responded that he did, the trial court did not personally inform Defendant of the penalty range. Thus, the trial court did not satisfy the requirements of article 556.1(A)(1). However, since this requirement is a statutory requirement rather than a constitutional requirement (as is the requirement that the trial court inform Defendant of the three Boykin rights), and pDefendant does not allege any misunderstanding as to the nature or penalty range of the charges to which he pled, this court finds the error harmless. See State v. Longnon, 98-551 (La.App. 3 Cir. 10/28/98); 720 So.2d 825. But see State v. Chisley, 98-169 (La.App. 5 Cir. 7/28/98); 718 So.2d 537; State v. Reynolds, 98-170 (La.App. 5 Cir. 7/28/98); 716 So.2d 485; State v. Thomas, 30,681 (La.App. 2 Cir. 5/13/98); 714 So.2d 159; and State v. Hill, 30,552 (La.App. 2 Cir. 5/13/98); 714 So.2d 814.
ASSIGNMENT OF ERROR
By-this assignment of error Defendant . contends that his sentence of ten years without probation, parole, or suspension of sentence out of a maximum sentencing range of twenty years is excessive and violates Article 1, Section 20 of the Louisiana Constitution.
Defendant was sentenced on March 31, 1998 to serve ten years imprisonment in the custody of the Louisiana Department of Corrections, without benefit of parole, probation or suspension of sentence. Defendant’s motion to reconsider sentence was denied on November 6, 1998. The penalty range for the crime of aggravated oral sexual battery is provided by La.R.S. 14:43.4(C), which states as follows:
Whoever commits the crime of aggravated' oral sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty years.
Defendant contends that although his sentence is within the statutory maximum of twenty years, it is excessive as he has no prior convictions, an excellent work history, he cooperated fully with the police, apologized, asked for forgiveness from the victim and her family, and has shown a motivation to seek treatment. Additionally, Defendant contends, based upon the findings of two doctors who were appointed to a Sexual Predator Commission, he would benefit from a treatment program. *1250 | ¡^However, Defendantargues that he would be unlikely to receive this therapy while incarcerated. One of the doctors, Dr. Rathmell, opined that a psychiatrist would be appropriate to treat him with one on one therapy and she stated that if he is in prison there is a possibility that he would be eligible for group psychotherapy that is done through one of the medical schools, but it is not consistent and therefore, in her opinion, Defendant has no assurance of getting treatment while incarcerated. Defendant contends that seven years with five years suspended and probation for five years with counseling, community service, supervision and a fine, followed by a period of probation or parole would have met the interest of justice by providing adequate punishment and maximizing the chance of rehabilitation.
In imposing the sentence the trial court gave the following reasons:
The court considers this to be a serious offense and the Court has looked at it very closely. I have done a good deal of study on it, I’ve read the pre-sentence investigation twice, gone over it, looked at the law on several occasions, talked to some of the people involved, and the Court is concerned that one of the biggest things that we understand happens with people who have conduct of this sort is the rate of recidivism; and, unfortunately, that it seems to be something that is a problem in the personality that sometimes is very difficult to overcome. And the Court’s job is to try to balance the victim’s hurt and society’s anger with some mercy for a victim [sic] who is a first time offender.
But because of the nature of this offense and the victim was age seven at the time that the offense occurred, that I’m going to order Defendant to serve ten (10) years in the Department of Corrections without benefit of probation or suspension of sentence.
The trial judge’s reasons for sentencing adequately reflect that he considered both aggravating and mitigating circumstances when he sentenced Defendant. The trial judge noted for the record that he considered the crime to be very serious and that he looked at the pre-sentence investigation report twice and looked at the' ,law very closely. Additionally, at the commencement of the sentencing hearing, the trial judge stated that in looking at the case he considered as aggravating circumstances, the fact 1 fithat this behavior went on over several months time, and was not an isolated instance. Also included in the pre-sentence investigation report was a letter written by the victim of the crime to the judge explaining briefly to the judge what her stepfather had done to her and informing the trial judge that she now suffers from nightmares and is scared of strange men. The victim’s mother also informed the interviewer for the pre-sentence investigation report that the victim is scared, her grades have fallen in school and she wakes up in the night crying. In the pre-sentence investigation report, it appears that Defendant led a law-abiding life before the incident with an extensive work history and denied ever having sexually abused a child before this incident. In addition, Defendant’s mother said that her son had never been in trouble before in his life and she said that if he was placed on probation he could live at her house. It is apparent that the court felt that the rate of recidivism is high in cases involving these types of crimes and therefore there was an undue risk Defendant would commit another crime if not incarcerated. The trial judge also stated that he tried to balance the victim’s hurt and society’s anger with some mercy for Defendant who is a first time offender, thereby showing that he did take into consideration mitigating factors.
In the case sub judice, Defendant used his position as a stepfather to take advantage of his six-year-old stepdaughter, a minor with no ability to give any kind of consent to his actions. Defendant was originally charged by bill of indictment with one count of attempted aggravated rape in addition to the charge to which he *1251 pled guilty, and thus he benefitted greatly from the plea bargain. The trial court imposed a sentence which is in the mi-drange of sentencing possibilities. Therefore, the sentence imposed by the trial judge was within his great discretion and the sentence is not so grossly disproportionate to the severity of the crime as to shock our sense of justice.
| .DECREE
Defendant’s sentence for aggravated oral sexual battery is upheld.
AFFIRMED and RENDERED.