I iWOODARD, Judge.
On October 16, 2001, the State charged B.A. S., the Defendant, with aggravated oral sexual battery, a violation of La.R.S. 14:43.4. He entered a guilty plea. The trial court sentenced him to eight years at hard labor, without benefit of parole, probation, or suspension of sentence. He appeals.
[[Image here]]
Between 1997 and 1999, the Defendant committed aggravated oral sexual battery of his adopted daughter, a child under twelve years of age. By bill of information, the State charged him with aggravated oral sexual battery, a violation of La. R.S. 14:43.4. On December 4, 2001, he waived formal arraignment and pled not guilty. In March 2002, B.A.S. filed a motion to quash the bill of information, which the trial court ultimately denied. Subsequently, on March 20, 2002, he withdrew his not guilty plea and entered a guilty plea to the charged offense. On .May 21, 2002, the trial court sentenced him to eight years at hard labor, without benefit of parole, probation, or suspension of sentence. Consequently, both the Defendant’s attorney and the Defendant filed separate motions to reconsider sentence. The trial court denied both motions. The Defendant appeals.
[[Image here]]
Errors Patent
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent. After reviewing the record, we find one.
At the sentencing proceeding and in his written reasons for sentencing, the trial court incorrectly advised B.A.S. that he had three years from the date that his conviction and sentence became final to seek post-conviction relief. Therefore, we direct the trial court to inform him of art. 930.8’s provisions, which restrict the times for filing an application for post-conviction relief to two years from the date the judgment and sentence become final, by sending appropriate written notice to him within ten days of this opinion’s rendition and *157 to file, in the record of the proceedings, written proof that he received the notice.
| ^Invalidity of the Offense
B.A.S. claims that the offense, for which the State charged him in the bill of information, was invalid because the legislature repealed its corresponding statute after the offense was committed but before the bill of information was filed. However, in the body of the assignment, he argues that the trial court should have considered the ten-year maximum penalty for oral sexual battery, La.R.S. 14:43.3, rather than the twenty-year maximum penalty for the repealed offense of aggravated oral sexual battery. He urges that, since he faced the twenty-year maximum provided for aggravated oral sexual battery, he was denied due process of law, as that provision had been repealed.
The Defendant is correct that our legislature repealed the criminal provision, designated as aggravated oral sexual battery, in its 2001 Regular Session, and that the repeal occurred before he was charged but after he committed the offense. La.R.S. 24:171 provides us with guidance in this situation:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.
There is no language, in Acts 2001, Act No. 301, § 2 act that repealed La.R.S. 14:43.4, which provides for the extinguishment of criminal liability for those who violated it before its repeal. Thus, in accordance with La.R.S. 24:171, the Defendant was properly charged under La.R.S. Í4ASA.[1] Furthermore, nothing in Act 301, § 2 provides for the repeal to be applied retroactively in order to extinguish criminal responsibility under La.R.S. 14:43.4 for acts committed while that provision was still in effect. In addition to La.R.S. 24:171, our supreme court has recently stated the following in State v. Sugasti:[2]
|aThis court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense.
(Citations omitted.)
In addition to the well-settled jurisprudence which provides for enforcement of the penalty provision in effect at the time of the commission of the offense, the legislature actually increased the penalty for conduct regarded as aggravated oral sexual battery. In the same act which repealed the provision, in question, the legislature amended the definition of rape to include oral sexual intercourse and subsumed the offense of aggravated oral sexual battery into the definition of aggravated rape. Thus, if the Defendant had committed the same offense, after the effective date of Act 301, he would have been exposed to life imprisonment, or even death, since the victim was under the age of twelve. Accordingly, this assignment lacks merit.
Excessiveness of Sentence
As his second assignment of error, the Defendant claims that his sentence is *158 excessive. He pled guilty to aggravated oral sexual battery, an offense punishable by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence for not more than twenty years. The trial court sentenced him to only eight years at hard labor without benefits. It explained:
The Pre-sentence Investigation Report has been received and attached hereto.
In preparing this sentencing, the court has reviewed the entire record of the proceedings, the Pre-sentence Investigation Report, the applicable law, jurisprudence.
The court notes that this case — it has received input, such as letters from friends and family members. Also, I’ve taken evidence here, today. In viewing the Pre-sentence Investigation Report, it is noted that the defendant does not have a prior criminal record.
In reviewing the Sentencing Guidelines, set forth in Article 894.1 of the Code of Criminal Procedure, the court recognizes that the defendant should have known that the defendant [sic] was incapable of | ¿resisting his acts due to her young age. Additionally, the defendant in these proceedings is certainly in need of correctional treatment, and any lesser sentence that shall be imposed, will deprecate the seriousness of the defendant’s crime.
In reviewing the aggravating and mitigating factors, enumerated in the Louisiana Code of Criminal Procedure, Article 894.1, the court has found the following relevant to this offense:
(1)[B.A.S.] should have known that the victim of the crime was both, vulnerable and incapable of resistance because of her young age;
(2) [B.A.S.] used his position of authority as father of the juvenile to facilitate the commission of the offense;
(3) The offense resulted in the significant injury to the victim, who has received therapy as a result of the actions of [B.S.];
(4) [B.A.S.] has no history of prior criminal activity;
(5) [B.A.S.] has relinquished custody of the minor victim, and has no visitation, and no personal contact with the minor child;
(6) Additionally, the family’s requesting leniency; and the court’s aware of the defendant’s declining health and his advanced age.
In considering the testimony here, today, I am somewhat surprised by the testimony that has been presented by law enforcement that has completely overlooked the fact that there is an extreme debt that is owed to society in this case. I consider this to be a terrible crime, and one that this Court should not look upon lightly.
I am aware of the protections that have been afforded by [sic] the defendant, by family members in this case. The court court [sic] does not view those protections, in a favorable light.
Both the Defendant’s attorney and the Defendant filed independent motions to reconsider his sentence. The trial court considered the motions, jointly, in a hearing held July 16, 2002 and rendered the following ruling:
Well, as pointed out by Ms. Roy in her argument, this is a case where the court had ordered a pre-sentence investigation. That is a part of the record. I also gave Written Reasons for the sentence that I imposed; those are of record; and I adopt those same reasons here, today.
*159 |SI also feel that the crime that has been committed here is one of a very serious and heinous nature; and that the sentence previously imposed is the appropriate sentence and, certainly, not excessive under the circumstances.
The position that the defendant was in, with supervisory authority over this child, what he did, the crime that he committed is such a grievous crime, and such a serious crime.
I do not feel that the request to reconsider sentence has merit. And, the original sentence that has been imposed stands as handed down, previously, of record in these proceedings.
The MOTION TO RECONSIDER is to be DENIED.
In his brief before this court, B.A.S. asserts several arguments in support of his claim that the sentence is excessive. He admits that the acts he committed were despicable but argues that he is a sixty-eight-year-old man, a sickly man (heart failure, Parkinson’s disease and after effects of a serious stroke) with no criminal history. He further urges that he terminated the behavior and submitted to treatment long before the State pressed charges, provided the court with a reasonable punishment plan, and offered to leave and live with his daughter in Georgia. Additionally, he served two years of duty in Korea and one year in Vietnam, has had several children of his own, and has served for many years as a foster parent. He asserts that, both, the victim and her mother urged the court not to impose a jail term, and law enforcement stated that they would not object to a lenient sentence. Finally, he maintains that the social workers sought criminal sanctions in order for him to be registered as a sex offender, not so that he could be incarcerated. Thus, the trial court could have imposed a sentence without hard labor and could have placed him on house arrest.
After reviewing the trial court’s reasons for sentencing and the Defendant’s assertions in his brief, we find that the trial court did not abuse its discretion in imposing only the eight-year sentence. The sentence is in the lower midrange. The trial court gave adequate reasons for the sentence it imposed. A sentence of ten years has been approved in similar circumstances.[3] As the Louisiana Supreme Court stated |fim State v. Cook,[4], “[t]he only relevant question on review ... [is] ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” We find that it did not abuse its discretion in the present case, especially, since aggravated oral sexual battery is, now, considered aggravated rape, punishable by death or life imprisonment.
CONCLUSION
B.A.S. committed acts of aggravated oral battery on his adopted daughter, who is younger than twelve years of age. After pleading guilty, the trial court sentenced him to eight years at hard labor, without benefit of parole, probation, or suspension of sentence. For the reasons given above, we affirm the Defendant’s conviction and sentence. However, as the trial court incorrectly informed B.A.S. of the time limitation for applying for post-conviction relief, we order the trial court to inform him of La.Code Crim.P. art. 930.8’s provisions, by sending appropriate written notice *160 within ten days of this opinion’s rendition and to file, in the record of the proceedings, written proof that he received the notice.
AFFIRMED AND REMANDED.

. See State v. Narcisse, 426 So.2d 118 (La. 1983), cert. denied 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176.

. 2001-3407, p. 4 (La.6/21/02); 820 So.2d 518, 520.

. State v. Cochran, 98-786 (La.App. 3 Cir. 4/28/99); 734 So.2d 1247.

. 95-2784, p. 3 (La.5/31/96); 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).