# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 KA 0490

## STATE OF LOUISIANA

## VERSUS

## WILLIAM ROBINSON, JR.

**Judgment Rendered:** DEC 1 2 2019

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 07-15-0820

Honorable Trudy M. White, Judge Presiding

* * * * * *

Hillar C. Moore, III
District Attorney
Allison Miller Rutzen
Assistant District Attorney
Baton Rouge, Louisiana

Counsel for Appellant
State of Louisiana


Ammon L. Miller, Jr.
New Orleans, Louisiana

And

Arthur L. Harris, Sr.
Metairie, Louisiana

Counsel for Defendant/Appellee
William Robinson


* * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**McCLENDON, J.**

The defendant, William Robinson, was charged by bill of information with one count of aggravated crime against nature (count I), a violation of LSA-R.S. 14:89.1(A)(2)(a); and one count of aggravated incest (count II), a violation of former LSA-R.S.14:78.1(A). He pled not guilty on both counts. Defendant then moved to quash count II of the information for failing to charge an offense punishable under a valid statute. Following a hearing, the motion was granted. The State now appeals, contending in its sole assignment of error that the trial court erred in granting the motion to quash. For the following reasons, we reverse the granting of the motion to quash and remand for further proceedings.

## FACTS

Due to the granting of the motion to quash, no trial testimony was presented concerning the facts of the offense. In regard to count II, the bill of information charged that "between, on or about January 1, 2013 through June 11, 2014, the defendant, date of birth 2/3/76, committed [a]ggravated [i]ncest of A.R.[1], who was under 18 years of age, and who was known by the defendant to be a biological, step or adoptive relative of the degree required under Paragraph A of La. R.S. 14:78.1."

## MOTION TO QUASH

In its sole assignment of error, the State argues the trial court legally erred in granting the defendant's motion to quash count II on the basis that the offense was not punishable under a valid statute because the bill of information charged the defendant with the criminal offense as it existed at the time of the alleged offense.

A motion to quash is essentially a mechanism by which to raise pretrial pleas or defenses, i.e., those matters which do not go to the merits of the charge. See LSA-C.Cr.P. arts. 531-34. It is treated much like an exception of no cause of action in a civil suit. In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bill of particulars and determine, as a matter of law and from the face of the pleadings, whether or not a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. The question

---

[1] See LSA-R.S. 46:1844(W).

2

of the factual guilt or innocence of the defendant is not raised by the motion to quash. **State v. Thomas**, 2012-0470 (La.App. 1 Cir. 11/14/12), 111 So.3d 386, 388-89.

A trial court's ruling on a motion to quash should not generally be reversed in the absence of a clear abuse of the trial court's discretion. A trial court's legal findings, however, are subject to a *de novo* standard of review. **State v. Vogel**, 2018-0174 (La.App. 1 Cir. 9/24/18), 261 So.3d 801, 808-09, writ denied, 2018-1754 (La. 4/22/19), 268 So.3d 298. In this case, the trial court's ruling on the motion to quash is based on a legal finding and, therefore, is subject to *de novo* review.

In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. La. Const. art. I, § 13. The indictment[2] shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. LSA-C.Cr.P. art. 464. A motion to quash may be based on the grounds that the indictment fails to charge an offense which is punishable under a valid statute. LSA-C.Cr.P. art. 532(1).

Louisiana Revised Statutes 14:78 (incest) and LSA-R.S. 14:78.1 (aggravated incest) were repealed by 2014 La. Acts, No. 177, § 2, effective August 1, 2014, and 2014 La. Acts No. 602, § 7, effective June 12, 2014. The provisions of LSA-R.S. 14:78.1 were included in the amended aggravated crime against nature statute. See LSA-R.S. 14:89.1(A)(2); **State v. Nordgren**, 2014-1183 (La.App. 1 Cir. 9/18/15), 2015 WL 5514992, at *1 n.1.

2014 La. Acts No. 599, § 1, effective June 12, 2014, added the following language to LSA-R.S. 14:89.1, which now appears as LSA-R.S. 14:89.1(E):

> The provisions of Act No. 177 of the 2014 Regular Session and the provisions of the Act that originated as Senate Bill No. 333 of the 2014 Regular Session incorporate the elements of the crimes of incest (R.S. 14:78) and aggravated incest (R.S. 14:78.1), as they existed prior to their repeal by these Acts, into the provisions of the crimes of crime against nature (R.S. 14:89) and aggravated crime against nature (R.S. 14:89.1),

---

[2] "Indictment" includes affidavit and information, unless it is the clear intent to restrict that word to the finding of a grand jury. LSA-C.Cr.P. art. 461.

3

respectively. For purposes of the provisions amended by Act No. 177 of the 2014 Regular Session and the Act that originated as Senate Bill No. 333 of the 2014 Regular Session, a conviction for a violation of R.S. 14:89(A)(2) shall be the same as a conviction for the crime of incest (R.S. 14:78) and a conviction for a violation of R.S. 14:89.1(A)(2) shall be the same as a conviction for the crime of aggravated incest (R.S. 14:78.1). Neither Act shall be construed to alleviate any person convicted or adjudicated delinquent of incest (R.S. 14:78) or aggravated incest (R.S. 14:78.1) from any requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication including but not limited to any requirements regarding sex offender registration and notification, parental rights, probation, parole, sentencing, or any other requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication. (Footnote omitted.)

In his motion to quash, the defendant argued the State had charged him with violation of LSA-R.S. 14:78.1, but the Louisiana State Legislature had repealed that statute "effective June 12, 2014." The defendant relied on language from **State v. Legendre**, 362 So.2d 570 (La. 1978) to support his motion. The trial court granted the motion to quash, noting "[t]he court has found no case law that allows the State to retroactively charge a defendant after the statute has been repealed."

In **Legendre**, the Louisiana Supreme Court held:

> To have a valid trial it is sacramental that an offense punishable under a valid statute or ordinance be charged. And when an indictment is defective it should be quashed when it fails to charge the offense intended to be charged in the manner required by law. It will not do to base an indictment for a serious offense, as in this case, upon an allegation of fact which cannot conceivably satisfy an essential element of the crime, and compel the accused to withstand the rigors of a jury trial with no expectation that a conviction can be supported by such an allegation.

**Legendre**, 362 So.2d at 571.

In **State v. B.A.S.**, 2002-1131 (La.App. 3d Cir. 2/5/03), 838 So.2d 155, 157, the defendant made an identical argument with respect to being charged with a repealed offense. The defendant argued the charged offense was invalid because the legislature repealed the corresponding statute after the offense was committed, but before the bill of information was filed. In rejecting the defendant's argument, the Third Circuit cited LSA-R.S. 24:171, which provides:

> The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

4

Observing that the legislation that repealed the prior law contained no provision for (1) extinguishment of criminal liability for those who violated the prior law before its repeal or (2) for the repeal to be applied retroactively, the court concluded that the defendant was properly charged with the repealed offense. **B.A.S.**, 838 So.2d at 157.

The defendant's reliance on **Legendre** is misplaced, as this case is not at all similar. Count II of the bill of information charging the defendant is not based "upon an allegation of fact which cannot conceivably satisfy an essential element of the crime" nor will allowing the prosecution to proceed "compel the accused to withstand the rigors of a jury trial with no expectation that a conviction can be supported by such an allegation." See **Legendre**, 362 So.2d at 571. Instead, count II of the bill of information charges an offense punishable under a valid statute – LSA-R.S. 14:78.1, prior to its repeal. This was the enactment in force at the time of the offense. See **State v. Bennett**, 2018-0803 (La. App. 1st Cir. 4/12/19), 2019 WL 1578105, at *1 n.2 (noting that "[d]efendant was charged for an offense occurring prior to the 2014 amendments to the statute by 2014 La. Acts, No. 177, § 2 and 2014 La. Acts, No. 602, § 7, effective June 12, 2014. The conduct prohibited by the Aggravated Incest statute is now contained within La. R.S. 14:89.1 (Aggravated Crime Against Nature))."

Hence, although LSA-R.S. 14:78.1 was repealed before the defendant was charged with violating that statute, the conduct proscribed therein remained unlawful; state law was simply amended elsewhere to incorporate the proscribed conduct. As 2014 La. Acts, No. 177, § 2, and 2014 La. Acts, No. 602, § 7, the legislation whereby LSA-R.S. 14:78.1 was repealed, contains no provision extinguishing the criminal liability of anyone who violated LSA-R.S. 14:78.1 prior to its repeal, nor does the legislation provide for retroactive application of the repeal, the trial court erred in granting the motion to quash count II.

This assignment of error has merit.[3] We hereby reverse the trial court's ruling granting the motion to quash, and remand this matter for further proceedings.

---

[3] On appeal, the defendant relies on **United States v. Chambers**, 291 U.S. 217, 223, 54 S.Ct. 434, 435, 78 L.Ed. 763 (1934), to additionally argue, "[i]n case a statute is repealed or rendered inoperative, no further proceedings can be had to enforce it in pending prosecutions unless competent authority has kept it alive for that purpose." (Defense brief, p. 6). As we have identified competent authority under

**GRANTING OF MOTION TO QUASH REVERSED; REMANDED FOR FURTHER PROCEEDINGS.**

---

Louisiana law whereby LSA-R.S. 14:78.1 has been "kept alive" in this case, we find **Chambers** inapplicable.