11ARMSTRONG, Judge.
Defendant, Zimbalish Segure, was charged by bill of information with the offense of being a convicted felon in possession of a firearm, a,violation of La. R.S. 14:95.1. Defendant’s motion to ■ suppress the evidence was denied. Following a bench trial, defendant was found guilty as charged and, after legal delays, was sentenced to serve ten years in the custody of the Department of Corrections with credit for time served, but without benefit of parole, probation or suspension of sentence; his $1000.00 fine was suspended.

Facts:

Officer Edward Cooper testified that, around 6:30 a.m. on June 6, 1995, he received a call of officer needing assistance in the 1500 block of Laharpe Street. The call was in response to gunshots in the area. Upon arrival at the described location, Officer Cooper opened the front door of a hotel or “small apartment house.” He observed defendant standing at the end of the hallway which opens onto a courtyard. The defendant was holding either a “Tech 10 or a Mac 10” firearm. -Defendant was ordered to drop the gun at which time he dove from the Reenter of the doorway to Officer Cooper’s left and then out of sight. Officer Cooper ran to the other end of the hall and came around the comer into the courtyard. There he observed defendant backing away from the doorway holding his hands up in the air. Officer Cooper then placed defendant in a spread eagle position and handcuffed him. Officer Cooper located the gun inside the first apartment, lying inside the door on the floor. When Officer Cooper picked up the gun it was hot. He removed the clip. One bullet was in the chamber and ten were in the clip.
On cross-examination, Officer Cooper testified that the area where defendant was standing was outside in the courtyard which *1151 was illuminated by natural sunlight. At the time of his arrest, defendant was wearing striped shorts and a t-shirt. Officer Cooper testified that there was another man in the courtyard who was holding a broom. This man was wearing dark long pants and no shirt. This man was questioned but stated that he did not see anything. Defendant denied firing the weapon and denied knowing who owned the weapon. At trial, defendant also testified that he did not fire the weapon and did not know who fired-the weapon. He claimed that he was the man holding the broom and that he was sweeping his apartment.
The State offered, and the defense accepted, a stipulation that if Officer Buddy Arnold was called to testify, hé would testify that the defendant had been previously convicted of attempted simple burglary in 1977 in case number 258-861 and second degree battery in 1986 in case number 313-745.
In rebuttal, the state called Officer Len Major. Officer Major testified that he was the officer who heard the gunshots while on patrol in the Laharpe Street area on June 6, 1995. He stated the shots were approximately 125 feet away from | 3his location when he heard them. He determined that the shots were coming from the courtyard of an abandoned building at 1531 Laharpe Street. He asked the dispatcher to radio this information to all units in the area. Upon his arrival at the described location, he observed Officer Cooper. Cooper advised him that he had apprehended defendant and that he had observed defendant with a semi-automatic weapon. After canvassing the area, Officer Major testified that several shell easing were found from the gun.

Errors Patent:

A review of the record for errors patent reveals that there are none.

Assignment of Error:

By his sole assignment of error, defendant claims that the evidence is insufficient to support his conviction. Specifically, defendant argues there was no evidence to link him to the weapon found on the scene.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider, just the evidence most favorable to the prosecution but must consider the record as a whole since that is Uwhat a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, 523 So.2d at 1309-1310. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
To support the conviction of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt that: (1) defendant possessed a firearm; (2) defendant was convicted of a prior enumerated felony within the ten-year statutory time limitation; and (3) general intent to commit the offense. State v. Tatum, 27,301 (La. App.2d Cir. 9/27/95), 661 So.2d 657. Possession must be intentional. State v. Woods, 94-2650 (La.App. 4th Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035. General criminal intent may be shown by the very doing of the acts which have been declared criminal. State in Interest of J.L., Jr., 592 So.2d 435 (La.App. 5th Cir.1991), writ denied, 597 So.2d 1031 (La.1992).
In the instant case, Officer Cooper answered a call of gunfire from a building. Upon opening the door he saw defendant *1152 holding a firearm. When asked to drop the firearm, defendant attempted to flee. Within seconds, Officer Cooper apprehended defendant. Officer Cooper then recovered a 9mm hand gun inside an apartment in the vicinity of where he obsérved defendant. The gun was hot from having just been fired. No other weapons or suspects were found in the area. The only other person in the area was a man holding a broom. Shell Rcasings belonging to the gun were found at the' scene indicating that the gun had been fired. Evidence established that the defendant had been convicted of two enumerated felonies within the statutory limitation period.
We find that, considering all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the offense of possession of a firearm by a convicted felon present beyond a reasonable doubt.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.

AFFIRMED.