746 So.2d 260 (1999)
STATE of Louisiana, Plaintiff,
v.
Sam BULLITTS, Jr., Defendant-Appellant.
No. 99-515.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1999.
*261 Charles F. Wagner, DA, James M. Buck, Alexandria, for State.
Edward K. Bauman, Abita Springs, for Sam Bullitts.
Sam Bullitts, Jr., pro se.
Before YELVERTON, SAUNDERS, and GREMILLION, Judges.
GREMILLION, Judge.
The defendant, Sam Bullitts, Jr., was convicted by a jury of simple escape, a violation of La.R.S. 14:110(A)(1), and sentenced to two years with the Department of Corrections to run consecutive to the sentence he was serving. For the following reasons, we affirm.

FACTS
On June 9, 1995, Defendant, an inmate lawfully housed in the Rapides Parish Detention Center, was being held temporarily in the jail's holding cell along with approximately fifteen other inmates. Deputy Gerald Butler went to the holding cell and asked that Jesse Simons step out. Defendant, not Simons, emerged from the cell. Deputy Butler escorted Defendant, whom he assumed to be Simons, to the desk of the shift supervisor, Deputy Reginald Bernard. Deputy Bernard proceeded to process Defendant for release thinking him to be Simons. Upon receiving the personal effects of Simons, as well as the receipt for Simons' bond, Defendant was released from custody. He returned to the Rapides Parish Detention Center of his own volition six days later.

ASSIGNMENTS OF ERROR
In his assignments of error,[1] Defendant contends the evidence presented at trial, when viewed in a light most favorable to the prosecution, was insufficient to sustain his guilty verdict. Specifically, he avers that the "intentional departure" element of the crime of simple escape was not proven beyond a reasonable doubt.
La.R.S. 14:110(A)(1) defines the offense of simple escape as:
The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.
Deputy Butler testified that Defendant was being housed in the holding cell of the jail, which he described as a six foot by twenty foot room with wooden benches on each side. He estimated fifteen to twenty inmates were in the cell awaiting processing when he opened the door and asked Jesse Simons to step out. One inmate emerged and was escorted to the desk of the jail's shift supervisor. Deputy Butler assumed the inmate was Simons and did not discuss anything with him.
*262 Deputy Clark testified that he processed for release the inmate presented to him. He took no steps to identify the inmate as Jesse Simons; he, too, simply assumed Defendant was Simons. Deputy Clark gave Defendant Simon's personal property, a belt, watch, and three earrings, and asked if it was all there. Defendant responded affirmatively. Then Deputy Clark asked Defendant to produce and sign his property receipt,[2] which he did. Defendant's property receipt contained his name, Sam Bullitts, Jr., and signature, and listed a belt as his only personal property. The receipt for Simons' property was also introduced into evidence, and listed a belt, a watch, and three earrings as his personal property. This was the property returned to Defendant. Deputy Clark admitted he did not look at the personal property receipt Defendant handed him before he released Defendant. He told Defendant his fine was paid and handed him a copy of a receipt for a fine that was paid on behalf of inmate Simons. Deputy Clark testified that he did not see Defendant read the receipt for the fine before he was released.
A necessary element of simple escape, which the State must prove, is intentional departure from lawful custody. Defendant contends the State fell short of proving intentional departure. We disagree. General criminal intent is necessary to commit the crime of simple escape, and is present "when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La.R.S. 14:10. The element of intent is a state of mind and need not be proven as a fact but may be inferred by the jury from the evidence presented at trial. State v. Hollis, 96-738 (La.App. 5 Cir. 1/28/97); 688 So.2d 108. General criminal intent may be shown by the very doing of the acts which have been declared illegal. State v. Segure, 96-1275 (La.App. 4 Cir. 10/1/97); 700 So.2d 1149.
Therefore, Defendant's "intentional departure" is a fact which may be inferred from his actions and from the circumstantial evidence presented at trial. When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982); State v. Chism, 436 So.2d 464 (La.1983). Additionally, La.R.S. 15:438 provides: "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Since the sufficiency of the evidence has been raised on appeal, the critical inquiry we must address is whether, after viewing the evidence in the light most favorable to the prosecution, the trier of fact could have rationally found the essential element of intentional departure was proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981).
In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.
State v. Sepulvado, 93-2692, p. 8 (La.4/8/96); 672 So.2d 158, 165, cert. denied, 519 U.S. 934, 117 S.Ct. 310, 136 *263 L.Ed.2d 227 (1996). Accordingly, we must determine whether, when viewing the evidence in the light most favorable to the prosecution, the jury could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded, and inferred from the circumstances that Defendant formed the intent necessary to commit the crime of simple escape.
The evidence showed that Defendant emerged from the holding cell when Simons' name was called, accepted Simons' personal property, and, after being told his fine was paid, accepted a receipt for Simons' bond.[3] Although commendable, Defendant's return to the jail of his own volition could have indicated to the jury that he knew he was not supposed to have been released. In State v. Laws, 95-593 (La.App. 3 Cir. 12/6/95); 666 So.2d 1118, 1121, this court stated, "[i]f a case involves circumstantial evidence, and a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails; and unless another creates reasonable doubt, the defendant is guilty." Defendant's only hypothesis of innocence was that he was an innocent victim of mistaken identity. Considering Defendant's actions and circumstances in the instant case, a reasonable trier of fact could have concluded that no other reasonable hypothesis of innocence existed. Therefore, the evidence presented at trial, when viewed in the light most favorable to the prosecution, was sufficient to sustain Defendant's conviction. Therefore, these assignments of error lack merit.

ERRORS PATENT
We review all appeals for errors patent on the face of the record. La.Code Crim.P. art. 920. After reviewing the record, we find two errors patent. First, the transcript of sentencing indicates the trial court failed to state whether Defendant's sentence is to be served with or without hard labor. The minutes of the sentencing hearing indicate that the trial court imposed the sentence with hard labor. The transcript, however, prevails. The penalty provision for simple escape provides for the sentence to be imposed either with or without hard labor. Thus, the trial court imposed an indeterminate sentence. La.Code Crim.P. art. 879. Consequently, the sentence is vacated and the case remanded for the imposition of a determinate sentence, wherein the trial court shall specify whether the sentence is to be served with or without hard labor.
Secondly, the trial court failed to advise Defendant of the three-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, upon remand, the trial court is instructed to so advise Defendant at his sentencing.

CONCLUSION
For the foregoing reasons, Defendant's conviction is affirmed, but his sentence is vacated and the case is remanded for the imposition of a determinate sentence. Upon remand, the trial court shall inform Defendant of the three-year period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8.
AFFIRMED IN PART; SENTENCE VACATED; AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] A brief, alleging one assignment of error, was filed by Defendant's counsel. Defendant has filed a pro se brief assigning essentially the same assignment of error.
[2] The property receipt is a receipt given to each prisoner when he is processed into the jail. The receipt lists the personal property taken from that prisoner and held for him by the Rapides Parish Sheriff's Office.
[3] Defendant was being held awaiting bond.