SUMMERS, Justice.
 

 On September 6, 1966, the defendant, Frank Honeycutt Palmer, Jr., was charged ■in a bill of information with burglary of the United Dollar Store and Sterling’s Variety Store in Vidalia. After trial the jury returned a verdict of guilty. Defendant was sentenced to serve seven years at hard 'labor in the State Penitentiary.
 

 Defendant has perfected this appeal and assigns a number of errors committed at ■the trial. To support these assignments of •error he argues several bills of exceptions reserved at the trial and makes some arguments relying upon errors patent on the face of the record.
 

 Bill of Exceptions No. 1
 

 At the close of the State’s case, and immediately prior to resting, the State offered its exhibits in evidence. The defendant objected to State Exhibits 1 through 9 and subsequently reserved Bill of Exceptions No. 1, which seems to be directed exclusively at State Exhibits 3, 4, 5,
 
 7
 
 and 9. Defendant’s brief on Bill of Exceptions No. 1, however, limits its discussion to Exhibit No. 3, objecting to the identification •of the back of a safe door (Exhibit No. 3) by the witness T. J. Dunham.
 

 The witness Dunham testified that, as manager of his store, he was furnished certain information from his home office relative to safe combinations and serial numbers. He testified that the serial number on State Exhibit No. 3 was identical to that furnished to him as the serial number of the stolen safe.
 

 No objection was recorded to this testimony. The bill of exceptions is based upon an objection to the introduction of the exhibit which was accomplished at a later stage of the trial, the objection being that the exhibit had not been properly identified in laying the foundation for its introduction. The substance of the argument on the bill, however, seems to be that the letter containing the serial number of the safe which Dunham had received from the safe manufacturer was hearsay, and for this reason the exhibit was inadmissible. But this argument and the authorities cited to support it have no application to the facts of this case because the State did not introduce the contents of the letter or writing into evidence. The witness merely used them to refresh his recollection, testifying to the serial numbers of the safe on that basis. 3 Wharton’s Criminal Evidence, Secs. 849-851 (12 ed. Anderson) ; 2 Marr’s Criminal Jurisprudence, § 618 (2 ed. 1923).
 

 As to the objection that the exhibit had not been properly identified: The testimony of a number of witnesses was in
 
 *766
 
 troduced to show that the safe door belonged to the stolen safe — all without objection. Since the weight and credibility of this testimony is a question to be determined by the trier of fact, we will not reopen that question at this time.
 

 Bill of Exceptions No. 2
 

 Article 768 of the Code of Criminal Procedure provides that if the State intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the State’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence. Prior to its opening statement, the State gave the defendant written notice “that on the trial of this case the State of Louisiana intends to introduce in evidence certain oral inculpatory statements made by the accused to investigating officers.”
 

 During the course of the trial, the State, on examination of Deputy Gray, elicited the following testimony: “He (referring to the accused) admitted the burglary. He admitted that he and Barry Jordan broke into these two stores, Sterling Store and United Dollar Store.”
 

 The defense did not object to this testimony at the time it was given, but entered its objection the next day after the testimony of other witnesses had intervened, and moved for a mistrial, which the court denied. To this ruling defendant reserved a bill of exceptions.
 

 The essence of defendant’s objection is that whereas Article 768 of the Code of Criminal Procedure requires notice in advance of “a confession or inculpatorystatement”, the State gave notice of an inculpatory statement but introduced a confession. The argument being that the notice should have conformed with the type of admission which was ultimately introduced in evidence.
 

 The State, on the other hand, asserts, that the statement was not a confession but, instead, amounted to an inculpatory statement and the requirements of Article 768 are satisfied.
 

 We are inclined to agree with the State on this issue. Although the quoted statement certainly could be considered as a. confession, we do not feel that the lawmakers intended to cast upon the State the obligation of making a definitive analysis of the testimony it sought to introduce. What the article contemplates is that if the introduction is either an inculpatory statement or a confession, notice should be given.
 

 We note, moreover, there was no objection to the statement at the time of its introduction and no bill was timely reserved. The attempt of defense counsel to make this issue the subject of a bill of excep
 
 *768
 
 tions the next day came too late. See La. C.Cr.P. arts. 841, 920 (1966).
 

 Bill of Exceptions No. 3
 

 During the course of the trial the State attempted to introduce as evidence a suitcase, pants, shirts, a footlocker and Fruit-of-the-loom underwear purportedly stolen from the United Dollar Stores or Sterling Variety Store. Objection was made by defense counsel because they were not properly identified as having been stolen from the establishments in question.
 

 At no time did the State maintain that these items had been identified positively as coming from the two stores and so informed the jury on several occasions. It was shown, however, by the testimony of the witnesses, that the burglarized establishments did have items of the same type and brand taken from their stock. Under these circumstances, the items were admissible as circumstantial evidence and the weight to be placed upon the testimony tieing them in with the crime was a question for the jury. They were properly admitted and this bill is without merit.
 

 Bill of Exceptions No. 4
 

 Horace Barry Jordan was called as a witness by the State. In response to questions, he gave his name and answered that he was an inmate of the penitentiary. When asked if he knew the accused Frank Palmer, he pled the Fifth Amendment. To all further questions by the State, he interposed his right against self incrimination. During the questioning defendant made no objection to any of the questions or answers, but later after verdict when the case was closed, defendant submitted what he termed a bill of exceptions in which he set forth that the questioning of the witness by the State after the plea of self incrimination had been entered was an attempt by the State, through leading questions, to get before the jury testimony it could not otherwise elicit from the witness who had pled self incrimination. This process, defendant asserts, denied him the right of confrontation and cross-examination of the witness guaranteed by the Constitution of the United States.
 

 Realizing that there had been no objection to the questioning, nor was there a ruling of court which could form the basis for a bill of exceptions as required by Article 841 of the Code of Criminal Procedure, defendant urges that this asserted illegality constitutes prejudicial error which is discoverable by a mere inspection of the pleadings and constitutes an error patent on the face of the record.
 

 Article 920 (2) of the Code of Criminal Procedure permits consideration on appeal of “any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” This article is an embodir
 
 *770
 
 ment of the rule to be found in State v. Stanford, 248 La. 630, 181 So.2d 50 (1965) where this court said: “the record in a criminal case for the purpose of considering whether there is error patent on the face of the record * * * includes the caption in the case, a statement of time and place of holding the court, the indictment or information with the endorsement, the arraignment, the plea of the accused, mention of the impaneling of the jury, verdict, and judgment of the court.” The court went on to say, “testimony not attached to or made a part of a bill of exception cannot be considered by this court even though the testimony is included in the transcript.” See, also, State v. Brown, 236 La. 562, 108 So.2d 233 (1959).
 

 The authority is clear and implicit that we cannot consider this pretended bill of exceptions.
 

 Bill of Exceptions No. 5 is not referred to in brief and is considered waived.
 

 Bill of Exceptions No. 6
 

 The witness Robert J. Smith was being questioned by the State’s attorney concerning the instruction the defendant had given him as an accomplice regarding the route to follow in driving from Vidalia, Louisiana, to Shreveport, Louisiana. The defendant claims this was inadmissible as hearsay, but the court admitted the testimony over his obj ection.
 

 We think the court properly admitted this testimony, for the value of the statement did not rest upon the credibility of the out of court assertion, but to the contrary, its value rested upon the credibility of the witness personally present and testifying before the jury. Moreover, because the statement sought to be elicited was made in the performance of the crime, it was part of the res gestae and would have been admitted even if it had been hearsay.
 

 Bill of Exceptions No. 7
 

 The State called Deputy Billy Gray as a witness, who testified that the defendant told him where certain American Express money orders were located. The defense objected to the testimony as hearsay. It is not.
 

 Bill of Exceptions No. 8
 

 The district attorney in his closing argument to the jury made two remarks which are claimed to be contrary to the evidence and therefore highly prejudicial to the defendant.
 

 When referring to the location of the merchandise within the trailer, the district attorney said:
 
 “
 
 * * * and Captain
 
 *772
 
 Teutsch wasn’t very positive as to where he did find that except it was in the trailer and he did find it in the front bedroom.” Whereas, it is argued that Captain Tuetsch testified just the opposite, that “It definitely didn’t come out of the front room though.”
 

 While referring to the American Express travelers checks, the district attorney declared to the jury: “And remember now that Mr. Dunham (Store Manager) said the American Express Travelers checks came out of his safe, were in his safe when he locked it up that night and were taken out of it.” It is claimed, however, that the store manager gave no testimony concerning travelers checks at all.
 

 There is no objection to the statements of the district attorney, no court ruling on the propriety of those statements and, most importantly, no bill of exception which would permit us to review the question. See La.C.Cr.P. art. 841 (1966). Clearly, since it would require a review of the evidence, it is not an error patent on the face of the record as we have shown by the authorities cited under Bill of Exceptions No. 4. This Bill No. 8, therefore, is also without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.