425 So.2d 750 (1983)
STATE of Louisiana
v.
Cecil GODEJOHN.
No. 82-KA-0661.
Supreme Court of Louisiana.
January 10, 1983.
*751 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
Ted Brett Brunson, Lowther & Boone, Many, for defendant-appellant.
DENNIS, Justice.
Defendant, Cecil Godejohn, pleaded guilty to simple burglary, La.R.S. 14:62, and was sentenced to three years at hard labor. He appealed and filed two assignments of error.
In his brief in this court, defendant calls our attention to the trial court's failure to perform his duty to determine that defendant expressly and knowingly waived his constitutional rights in entering his guilty plea. Article 920(2) of the Code of Criminal Procedure permits consideration on appeal of "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." This article is an embodiment of the rule to be found in State v. Stanford, 248 La. 630, 181 So.2d 50 (1965) where this court said:
The record in a criminal case for the purpose of considering whether there is error patent on the face of the record * * includes the caption in the case, a statement of time and place of holding the court, the indictment or information with the endorsement, the arraignment, the plea of the accused, the mention of the impanelling of the jury, verdict, and judgment of the court. (Emphasis Added.)
The court went on to say, "testimony not attached to or made a part of a bill of exception cannot be considered by this court even though the testimony is included in the transcript." State v. Palmer, 251 La. 759, 206 So.2d 485 (1968).
The colloquy which occurs when the court canvasses the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences is a part of the plea of the accused. It is in the nature of a pleading or proceeding, rather than testimony or evidence. Therefore, a review of it for error on appeal constitutes a mere inspection of the pleadings and proceedings without inspection of the evidence.
At the plea proceeding, the trial court questioned the defendant on the following topics: whether he understood that restitution would be a condition if probation were granted; whether there were any other agreements, conditions or promises attached to his plea; whether anyone had forced him to plead; whether he understood the nature of the offense and the maximum allowable sentence; and whether he was satisfied with the work and advice of his attorney.
The trial court did not advise the defendant of his right to a jury trial, his right to confront his accusers, and of his privilege against self-incrimination or make any inquiry as to his understanding of these rights and that by pleading guilty he was waiving them.[*] The plea of the defendant and the proceedings, therefore, do not disclose that the defendant waived these constitutional rights. Accordingly, the due process requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) require that the guilty plea be vacated, the conviction and sentence reversed, and that the defendant be permitted to plead anew. State v. Williams, 384 So.2d *752 779 (La.1980). See also, State ex rel. Jackson v. Kenderson, 260 La. 90, 255 So.2d 85 (1971).
REVERSED AND REMANDED FOR DEFENDANT TO ENTER A NEW PLEA.
BLANCHE, LEMMON and MARCUS, JJ., dissent and assign reasons.
BLANCHE, Justice (dissenting).
I must respectfully dissent. Failure of the trial judge to Boykinize a defendant is not a patent error. In my opinion, defendant's only remedy is to seek post-conviction relief.
LEMMON, Justice, dissenting.
The decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), only prohibited the presuming of a voluntary and knowledgeable plea from a silent record. That decision did not establish a per se rule that the plea is invalid unless the trial judge specifically articulates the three rights mentioned in the opinion.
The record in the present case is not silent on the nature of the plea. Rather, the record establishes that defendant entered his guilty plea voluntarily and knowingly, despite the trial court's failure to parrot the three rights noted in State ex rel. Jackson v. Henderson, 260 La. 90, 260 So.2d 90 (1971).[1]
MARCUS, Justice (dissenting).
Defendant pled guilty to simple burglary and was sentenced to serve three years at hard labor. On appeal, he relies on two assignments of error for reversal of his sentence, that is, that the trial judge erred in failing to comply with the sentencing guidelines and in imposing an excessive sentence. In brief to this court, defendant raises for the first time that he was not properly Boykinized at the time he entered his plea of guilty in the trial court.
La.Code Crim.P. art. 920 provides:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
La.Code Crim.P. art. 844 provides that a party appealing shall designate in writing those errors to be urged on appeal. The assignment of errors shall be furnished to the trial judge who may submit such per curiam comments as he desires.
Defendant did not designate the error (failure of proper Boykinization) in his assignment of errors as required by art. 920(1). In order to reach the error on appeal, the majority finds it to be an error discoverable by mere inspection of the pleadings and proceedings and "without inspection of the evidence." In my view, testimony taken at the guilty plea hearing is "evidence" that must be inspected; therefore, the issue of whether defendant was Boykinized is not a patent error and is not before us on appeal since it was not included in the assignment of errors. In State v. Williams, 384 So.2d 779 (La.1980), relied on by the majority, the issue of proper Boykinization was raised on appeal as an assigned error. In State v. Henderson, 260 La. 90, 255 So.2d 85 (1971), also relied on by the majority, the issue of lack of Boykinization was raised via post-conviction relief.
In the instant case, while the transcript of the guilty plea proceedings does not reflect that defendant waived his Boykin rights, the minutes of court do reflect that he was properly Boykinized.[1] Had defendant designated the lack of Boykinization as an assigned error, the trial judge would *753 have been afforded an opportunity to submit a per curiam comment as the law permits. He may or may not have been able to explain the discrepancy. I am unable to accept the majority's explanation of the use of "boilerplate type minutes of court."
Not having initially designated the error (lack of Boykinization) as an assigned error did not and does not leave defendant without a remedy. First, he could have amended his assignment of errors prior to hearing before this court rather than merely submitting a new argument in his brief. Since defendant raises a due process issue, his remedy now is by application for post-conviction relief (La.Code Crim.P. arts. 924 and 930.3) which must be addressed to the district court for the parish in which defendant was convicted (La.Code Crim.P. arts. 925 and 926).
While procedural rules are technical, they usually have a valid purpose. The assignment of errors procedure is designed to insure that issues will be raised for review in an orderly manner. I do not consider that the proper procedure was followed here. Accordingly, I respectfully dissent.
NOTES
[*] The boilerplate type minutes of court indicate that the defendant was properly Boykinized, but the minutes are obviously incorrect in light of the record of the guilty plea proceedings, and the state does not contend otherwise.
[1] After insuring that the plea was voluntary, the trial judge informed defendant of the elements of the crime and the range of possible sentences. The district attorney then stated the factual basis on the charge, and the defendant agreed that the statement of facts was accurate.
[1] The state's brief on this issue simply states that: "After extensive Boykinization, the Court found a factual basis for the guilty plea, and accepted it." Otherwise, argument was limited to the assigned errors.