WALTZER, Judge,
concurs with reasons.
I respectfully concur in the result reached by my colleagues and would reverse additionally for the reason that the defendant’s waiver of his trial by jury is inadequate.
PROCEDURAL BACKGROUND
The defendant appeared in court on March 3, 1992, and plead not guilty. Counsel was appointed. The minute entry for this day shows that the defendant was advised of his constitutional rights. The minute entry is silent on the defendant’s choice of trial, i.e. whether by jury or by the court. On April 1, 1992, the court heard testimony in a combined preliminary hearing and motion to suppress the evidence. The matter was then set for trial April 16,1992. The minute entry for that day shows that the defendant elected to be tried by the court. The minute entry and the transcript for that day reveal that defense counsel stipulated:
a) that if officers Selby, Schnapp, Little, Boudoin, Watkins and Joseph were called to testify, they would testify in accordance with the narrative sections in the police report;
b) that if criminalist [Paul Wertz] from the crime lab were to testify, he would indicate that the substances tested in the laboratory tested positive for cocaine;
c) that the evidence card should be admitted without objection.
Clearly, the evidence adduced at the combined preliminary hearing/motion to suppress was likewise incorporated into the trial. No opening statements, live testimony or closing arguments were presented on the day of trial, and the defendant was found guilty of the lesser included offense of simple possession of cocaine, waived all legal delays and was sentenced to three (3) years at hard labor, with credit for time served. The record is silent why the court found the defendant guilty of a lesser included offense.
Considering the testimony at the combined hearing on probable cause and the motion to suppress the evidence, several questions are raised which make this reversal proper. At a preliminary hearing hearsay is permissible and the burden of proof is whether it is more likely than not that a crime has been committed. At a motion to suppress the evidence the State has the burden to prove beyond a reasonable doubt that the evidence was seized in a constitutional manner. Since both hearings were combined, we are presented with a transcript filled with hearsay regardless of whether to show the requisite elements of the crime alleged or the constitutional propriety of the search and seizure of the defendant and the contraband. It is this hearsay evidence which provides the stipulated evidence for trial. We have no way of knowing whether the defendant was ever told by his counsel or the court that the many procedural short cuts that were employed in his case would insure a strategic advantage. Nor do we know whether the defendant understood that a jury trial is constitutionally guaranteed to any defendant, that ten (10) of twelve (12) jurors would be *857 needed for any valid verdict and, most importantly, that the hearsay evidence which was admitted at the combined hearings would not pass constitutional muster in a trial where only legal evidence would be permitted to prove his guilt beyond a reasonable doubt. (The testimony of Officer Selby alone would not have sufficed at trial because he did not personally see some of the most important events during the search and seizure).
THE JURY TRIAL WAIVER
The following colloquy regarding the right to trial by jury took place on the day of trial:
BY THE COURT: Do you wish to have a trial by Judge or jury.
BY MR. MEYER: Judge Trial
BY THE COURT: Mr. Alexander, do you understand, sir, you have a right to be tried by a jury and be tried by the Court. What is your desire, sir?
(AT THIS TIME DEFENDANT ALEXANDER DISCUSSED THE MATTER WITH HIS ATTORNEY, JOSEPH MEYER).
BY MR. ALEXANDER: I would like a Judge Trial.
Defense counsel admits in brief that it “appears that the decision to proceed with a judge trial was a carefully considered defense strategy since the focus of the defense was the illegal search”. The implication seems to be that the jury trial waiver would then make sense only if the defendant knew in advance that his verdict would be substantially reduced. Because the right to trial by jury is a fundamental right, the presumption is against waiver of this right, and on review of such waiver, the record must show that an effective waiver has been made. U.S. Const. Am. 6; La. Const. Art. I, See. 17 (1974). It is true that the defendant was told that he had the right to be tried by jury or the court, but the defendant was not apprised that he was entitled to be tried by a jury of twelve (12) citizens and that the decision of guilt had to be made by the consensus of ten (10). The record does not reflect that the defendant waived his right to trial by jury “knowingly and voluntarily”. We simply do not know what the defendant “knew” about trial by jury. I find the court’s advice inadequate and because of the importance attached to the right to a jury trial, a trial judge must exercise great care in allowing a criminal defendant to waive the right.
For instance, when a defendant elects to enter a plea of guilty thereby waiving his right to trial by jury and other important constitutional rights, the trial judge must advise the defendant personally of his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination and make inquiry of the defendant as to his understanding of these rights and that by pleading guilty he waives them. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Godejohn, 425 So.2d 750 (La.1983); State v. Kahey, 436 So.2d 475, 486 (La.1983).
When a defendant chooses to be tried by a judge the concern for the defendant’s understanding of and voluntariness of his waiver of the right to a jury trial are still present. In this situation,. only a waiver which is “knowingly and intelligently” made is acceptable. La.C.Cr.P. art. 780. The trial court’s inquiry in this case did not endeavor to determine the defendant’s understanding and intention pertaining to the right to trial by jury.