830 So.2d 1047 (2002)
STATE of Louisiana
v.
Terry BAGNERIS.
No. 2002-KA-0773.
Court of Appeal of Louisiana, Fourth Circuit.
October 16, 2002.
*1048 Harry F. Connick, District Attorney, Juliet Clark, Assistant District Attorney, New Orleans, LA, for appellee.
Christopher A. Aberle, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge STEVEN R. PLOTKIN, Judge, MIRIAM G. WALTZER, Judge, PATRICIA RIVET MURRAY).
MIRIAM G. WALTZER, Judge.
The defendant, Terry Bagneris, appeals his conviction and sentence for attempted simple escape and his adjudication and sentence as a fourth felony offender. The state answers the appeal arguing that the trial court erred and imposed an illegally lenient sentence.
*1049 STATEMENT OF CASE
On 26 January 2001, the State charged Bagneris with attempted aggravated escape in violation of LSA-R.S. 14:27. On 22 February 2001, a hearing was held on the defendant's motion to suppress his confession, which the trial court denied. On 18 March 2001, a jury found the defendant guilty of the lesser charge of attempted simple escape. On 11 July 2002, a multiple bill hearing was held, and the trial court found the defendant to be a fourth felony offender. The defendant was sentenced to twenty years at hard labor, without benefits, in the custody of the Department of Corrections, consecutive to a life sentence the defendant is currently serving. The State objected to the sentencing, arguing that the proper sentence was a mandatory minimum sentence of life imprisonment. The trial court overruled the objection. On 14 January 2002, the trial court granted the defendant an out of time appeal.
Defendant's appellate counsel submitted a Motion to Withdraw as Counsel for Appellant and an Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Brief in Support Thereof. Appellate counsel argues that there are no non-frivolous grounds for appeal. The State filed a brief, arguing that the trial court imposed an illegally lenient sentence, a patent error. Appellate counsel filed a Reply Brief, arguing that the sentence was not illegally lenient, and if it was error, it was not patent and no longer subject to correction. The defendant, pro se, filed a supplemental brief claiming ineffective assistance of counsel.
STATEMENT OF FACTS
Four witnesses testified at the defendant's one-day jury trial. Deputy Eugene Joseph Cummings, with the Orleans Parish Criminal Sheriff's Office, testified that on 30 October 2000, he was escorting six handcuffed and shackled inmates down a hallway at the Orleans Parish Criminal Court back to the parish prison. As he reached the bottom of a stairwell and was attempting to unlock the door leading to the adjoining prison facility, a large person jumped him from behind and choked him. The officer could not see who was choking him during the struggle, but before he lost consciousness, he heard an inmate exclaim "Terry, don't do it. It's not worth it. Terry, let him go. Let him go." Defense counsel objected to the statement as hearsay, but the trial court found the statement to be an excited utterance, and the State noted that the declarant would be testifying. The officer testified that he sustained cuts to his neck and over his eye as a result of the attack.
Carlos Arroyave, an Orleans Parish Prison inmate being escorted back to the parish prison by Deputy Cummings, testified that Terry Bagneris was the person who attacked the officer and that during the incident, he pleaded with the defendant to stop what he was doing.
Corporal Craig Lawson, also with the Orleans Parish Criminal Sheriff's Office, testified that he observed the defendant walking down a hallway in the courthouse. The defendant was not wearing handcuffs or shackles, and he had removed his prison shirt so that he was wearing only a white T-shirt. In the officer's opinion, the defendant was trying to conceal the writing on his pants, which identified him as a prisoner. The officer attempted to apprehend the defendant by grabbing his shirt, but the shirt ripped and the defendant evaded capture. The officer then shouted to his colleague for assistance, who sprayed the defendant with pepper spray, and the officer was then able to restrain and handcuff the defendant.
Sergeant Tris Lear, also with the Orleans Parish Criminal Sheriff's Office, testified *1050 that after reading the defendant his rights and having him sign a Rights of Arrestee form, the defendant voluntarily stated that he attacked Deputy Cummings and that he had tried to escape. The defendant further stated that he had fashioned a handcuff key from an ink pen cartridge and a razor blade, which he used to get out of his restraints. As the makeshift key could not be located, and the officer feared that the defendant had used a real handcuff key that other inmates could use, the defendant was provided with the materials to fashion another handcuff key. The key that the defendant fashioned, however, could not be made to work in the short amount of time available, and the defendant explained that he had perfected the key he used and had been waiting for the right time to use it to escape.
ERRORS PATENT
The State argues in its brief that a review of the record reveals that the defendant was sentenced to an illegally lenient sentence. The State claims that the trial court erred in applying the amended version of the habitual offender statute, not the version in effect at the time the defendant committed his offense on 30 October 2000. The version in effect at the time of the offense requires a mandatory minimum life sentence. The revised version of the habitual offender statute provided an effective date of 15 June 2001, and the trial court sentenced Bagneris on 11 July 2002.
The defendant argues that the question of whether the trial court was obligated to apply the amended version of LSA-R.S. 15:529.1 is pending before the Louisiana Supreme Court. However, the cases upon which defendant relies have been decided and do not apply to change the result in this case. State v. Mayeux, XXXX-XXXX (La.6/21/2002), 820 So.2d 526, (applying 2001 amendment to LSA-R.S. 14:98(E) to a conviction obtained after effective date when the defendant committed the offense before effective date), State v. Sugasti, XXXX-XXXX (La.6/21/02), 820 So.2d 518, (applying 2001 amendment to LSA-R.S. 40:966C(1) to offenses committed after effective date of amendment) State v. Mayeux, XXXX-XXXX, p. 1-2 (La.6/21/02), 820 So.2d 524, (applying 2001 amendment to LSA-R.S 40:966(C)(1) to offenses committed after effective date of amendment). Bagneris was sentenced as a fourth felony offender under LSA-R.S. 15:529.1(A)(1)(c)(ii). The 2001 amendment to the habitual offender law in no way specifically indicates a legislative intent to deviate from the general rule that the law in effect at the time of the offense controls sentencing. Mayeux, supra at XXXX-XXXX, p. 5, 820 So.2d at 529. Generally, the law in effect at the time of the offense determines the penalty. State v. Narcisse, 426 So.2d 118, 130-131 (La.1983). Therefore, the trial court erred in sentencing the defendant under the amended version of LSA-R.S. 15:529.1(A)(1)(c)(ii). The version of LSA-R.S. 15:529.1(A)(1)(c)(ii) in effect at the time of the defendant's offense provided:
If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Two of the defendant's prior convictions were crimes of violence. Thus, the mandatory minimum sentence to which Bagneris was subject was life imprisonment without *1051 benefits with the Department of Corrections.
We must consider whether it is too late to correct this illegally lenient sentence. Appellate counsel for the defendant argues that any amendment to the sentence should have taken place within one hundred and eighty days of sentencing pursuant to LSA-R.S. 15:301.1(D). LSA-C.Cr.P. art. 882 provides, in pertinent part,
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal, or
(2) In an unappealable case by writs of certiorari and prohibition.
(Emphasis added.) LSA-R.S. 15:301.1 provides:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
(Emphasis added.) The State argues that pursuant to LSA-C.Cr.P. art. 882(A), an illegally lenient sentence can be noticed or recognized by the appellate court sua sponte without the issue being raised by the State and may be corrected at any time. State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790. Although the court in Williams held that the one hundred and eighty day time limit did not apply to self-activating errors under LSA-R.S. 15:301.1(A), where the trial court fails to impose statutory limitations on parole, probation, or suspension of sentence. Regarding Paragraph B of LSA-R.S. 15:301.1, the court stated,
A close examination of the language of Paragraph (B) shows that its provisions are activated by the sentencing court or the district attorney. If the district attorney is unable to have the sentencing court amend a sentence that is inconsistent with statutory provisions in the trial court, Paragraph (B) further allows an *1052 appellate court to amend such a sentence if the district attorney has invoked appellate review or applied for supervisory relief. In the case sub judice, the sentencing amendment was not sought by either the sentencing court or the district attorney.
Williams, XXXX-XXXX, p. 16(La.11/28/01), 800 So.2d 790, 802. Moreover, the Court explained,
The plain language of Paragraph (D) subjects sentencing amendments "authorized by the provisions of this Section" to the 180 day time limitation. As pointed out, no amendment of the defendant's sentence was accomplished through any provision of La.Rev.Stat. Ann. § 15:301.1: sentencing errors akin to those delineated under Paragraph A are not subject to amendment; and those errors recognized in Paragraph B were not raised either by the sentencing court or the district attorney, the method authorized in La.Rev.Stat. Ann. § 15:301.1(B). Accordingly, whatever time limitation provided in Paragraph D was inapplicable to the appellate court under the particular procedural facts present.
Williams, XXXX-XXXX, p. 16 (La.11/28/01), 800 So.2d 790, 802.
The error in this case was not self-activating under paragraph A,[1] and the error was not raised by the State in accordance with the procedure outlined in paragraph B. Although the State objected on the record to the sentence, they did not file a motion to reconsider sentence, as authorized by LSA-C.Cr.P. art. 881.1. Moreover, the State neither appealed nor sought supervisory relief. This sentencing error was brought to the attention of this Court in the State's brief in response to defendant's direct appeal. We believe that the law clearly provides an appropriate procedure to correct the sentencing error alleged by the State in a timely and judicious manner. Although an illegal sentence "may be corrected" at any time under LSA-C.Cr.P. art. 882, we decline to exercise this discretion under the facts of this case. To reach any other conclusion fails to give effect to the clear language of LSA-R.S. 15:301.1(D). Williams, XXXX-XXXX, p. 18 (La.11/28/01), 800 So.2d 790, 804 (Calogero, Chief Justice, dissenting.). The State failed to do anything to correct the sentence. The State did not timely ask the trial court to reconsider the sentence, did not timely seek supervisory jurisdiction, and did not timely appeal the illegally lenient sentence, irrespective of LSA-R.S. 15:301.1(D). A presumption of regularity in judicial proceedings applies to all phases of trial, including sentencing. State v. Harris, 93-1098 (La.1/5/96), 665 So.2d 1164 [Citations omitted]. Therefore, we decline to consider the State's argument on appeal that the sentence is illegally lenient.
COUNSEL'S ASSIGNMENT OF ERROR
Counsel filed a brief requesting a review for errors patent and complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of *1053 the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling, which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. The defendant filed a pro se supplemental brief, making two assignments of error.
As per State v. Benjamin, this court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 14:(27)110, and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, jury selection, trial, and sentencing. A review of the trial transcript reveals that the State proved the offense beyond a reasonable doubt. An independent review reveals no non-frivolous issue for appeal, raised by the defendant. The defendant's conviction is affirmed, and appellate counsel's motion to withdraw is granted. In particular, the brief of appellate counsel for the defendant addresses the trial court's denial of the defendant's renewed motion to suppress the defendant's statement, the sufficiency of the evidence, and rulings on notable objections. Appellate counsel appears to be correct that there are no non-frivolous grounds for appeal. Any legal grounds for renewing the motion to suppress the defendant's statement based on his refusal to give a statement evaporated at the trial when Sergeant Lear testified that upon reviewing the original, he could see that, in fact, he had written on the Rights of Arrestee Form that the defendant only refused to give a "taped statement."
As for the sufficiency of the evidence, the defendant was convicted of attempted simple escape. Simple escape is defined as follows:
The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.
LSA-R.S. 14:110(A)(1).
Viewing the evidence in the State's favor and deferring to the jury's credibility determinations, the evidence presented at trial was sufficient to convict the defendant of attempted simple escape pursuant to LSA-R.S. 14:(27)110. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bullitts, 99-515, p. 4-5 (La.App. 3 Cir. 11/3/99), 746 So.2d 260, 262, 263 (finding critical inquiry on appeal is whether, after viewing the evidence in light most favorable to prosecution, trier of fact could have rationally found essential element of intentional departure proven beyond reasonable doubt). Carlos Arroyave testified that he saw the defendant attack Deputy Cummings. Deputy Cummings corroborated this claim when he testified that he heard someone pleading with "Terry" to stop attacking the officer. Corporal Lawson testified that he saw the defendant walking through the courthouse without handcuffs or shackles, attempting to conceal the fact that he was a prisoner. Sergeant Lear testified that the defendant confessed the crime to him. The jury could have rationally found that the defendant intended to depart from the legal custody of Deputy Cummings.
*1054 Lastly, the notable objections analyzed by appellate counsel for the defendant reveal that the trial court did not err in those rulings. Most significantly, the objection to Deputy Cummings testifying that he heard someone exclaim "Terry, don't do it," appears to have been properly overruled. Under LSA-C.E. art. 803(2), a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is not excluded as hearsay. Louisiana courts have developed a two prong test for determining the admissibility of an out of court statement under LSA-C.E. art. 803(2):
There must be an occurrence or event sufficiently startling to render normal reflective thought processes of an observer inoperative. Additionally, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought.

* * *
Many factors enter into determining whether in fact the second requirement has been fulfilled and whether a declarant was at the time of an offered statement under the influence of an exciting event. Probably the most important of these is the time factor. In this connection the trial court must determine whether the interval between the event and the statement was long enough to permit a subsidence of emotional upset and a restoration of a reflective thought process. Several additional factors which may indicate that the statement was the result of reflective thought, but which do not automatically justify exclusion, are as follows: Evidence that the statement was self-serving or made in response to an inquiry; Expansion of the excited utterance beyond a description of the exciting event into past facts or the future; Proof that the declarant performed tasks requiring reflective thought processes between the event and the statement.
State v. Henderson, 362 So.2d 1358, 1362 (La.1978). Arroyave testified that he was in a state of shock as he watched the attack on Deputy Cummings, and he made the statements as the attack was taking place, with no time for reflection. This statement is an excited utterance properly admitted as a hearsay exception. Were this statement hearsay, the error of the trial court would be harmless, as the declarant testified at the hearing, repeating the statement offered by Deputy Cummings in his testimony. State v. Dangerfield, 2000-2359, p. 13 (La.App. 4 Cir. 4/3/02), 816 So.2d 885, 896-897.
DEFENDANT'S ASSIGNMENT OF ERROR NUMBER 1
The defendant first argues that his trial counsel was ineffective for failure to meaningfully participate in the jury selection process and failure to meet with him to discuss the case prior to trial. Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Reed, 483 So.2d 1278 (La. App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986). The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 54 So.2d 119 (La.1984).
*1055 The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. 668, 693, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992). In this case, jury selection was not transcribed for purposes of this appeal, and the defendant's claim that the trial counsel did not adequately confer with him or investigate the case would appear to be better suited to post conviction claim than an appeal. Consequently, there is insufficient evidence in the record to make a determination on the merits of this claim.
DEFENDANT'S ASSIGNMENT OF ERROR NUMBER 2
The defendant's second claim is that the trial court constructively denied him a right to effective assistance of counsel. In particular, the defendant claims that when he told the trial court that defense counsel had not consulted with him prior to trial, the trial court's offer to allow him a few minutes to consult with his attorney was insufficient. The record reflects that the defendant had indicated that he would secure private counsel, and that the court appointed defense attorney indicated her familiarity with the case and her readiness for trial. The defendant's argument that trial counsel should have proven her readiness to him, not to the trial court, does not impute to the trial court constructive denial of his right to counsel. Brevity of consultation time alone will not normally support an ineffective assistance of counsel claim. State v. Youngblood, 32,003, p. 3 (La.App. 2 Cir. 5/5/99), 740 So.2d 687, 690. Nevertheless, the record on appeal is inadequate to address the merits of this assignment of error and would be better addressed in a motion for post conviction proceeding.
CONCLUSION
The defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The trial court may impose a sentence below the statutory minimum if it finds the mandated sentence is excessive. State v. Dorthey, 623 So.2d 1276 (La.1993).