| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2019-KA-0448** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **LERONE C. LEWIS** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 538-804, SECTION "K"
Honorable Arthur Hunter, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Regina Bartholomew-Woods)

*Bartholomew-Woods, J., Concurs with Reasons.*

Leon Cannizzaro
District Attorney
Scott G. Vincent
Kyle Daly
Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE, ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE

Thomas Ward Frampton
HARVARD LAW SCHOOL
1525 Massachusetts Avenue
Griswold Hall 106
Cambridge, MA 02138

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

      COUNSEL FOR APPELLANT

            **AFFIRMED.**

            **FEBRUARY 12, 2020**

0

The State charged the defendant, Lerone "Slim" Lewis ("Defendant"), with the aggravated battery of T.J. ("Victim"), a violation of La. R.S. 14:34. The State alleged that Defendant was in a romantic relationship with Victim and, on August 4, 2017, he slashed Victim's throat with a box cutter.

On April 4, 2018, the first trial began, but the jury was unable to return a verdict. The district court declared a mistrial. A second trial began on October 17, 2018. After the jury was empaneled and sworn, two jurors advised the district court that they were unable to return for the second day of trial. The district court declared a mistrial. The district court then reset the trial for the following day.

On October 18, 2018, Defendant filed a Motion to Quash contending that, because he did not consent to the mistrial, and because the mistrial did not meet one of the requirements set forth in La. C.Cr.P. art. 775, the mistrial was an illegal dismissal, and further prosecution was barred by double jeopardy. The district court denied the motion. Defendant did not seek a supervisory review by this Court.

1

During the third trial, various witnesses, including Victim, testified, identifying Defendant as the assailant.

Additionally, the district court allowed the reading of testimony from the first trial in April 2018 given by L.F., Defendant's ex-girlfriend and mother of his child, wherein L.F. testified that Defendant slashed her throat.[1] The testimony provided on direct examination was that in March of 2008, about five years into their relationship, Defendant attacked L.F. on her way to church. While L.F. and her children were waiting for a church member to pick them up for church service, Defendant called L.F. back into their house, telling her he wanted to show her something. When L.F. entered the house, Defendant attacked L.F. from behind, slashing her throat with a kitchen knife. When Defendant had the opportunity to cross-examine L.F., defense counsel stated to the district court, "I don't have any questions, Your Honor."

After the conclusion of the third trial on October 19, 2018, the jury found Defendant guilty as charged. On October 30, 2018, the State filed a multiple bill. On November 13, 2018, Defendant filed Motions for New Trial and Arrest of Judgment, which were denied. On December 12, 2018, Defendant was sentenced to ten years with credit for time served. Following a hearing on the multiple bill on April 16, 2019, Defendant was adjudicated a second felony offender.[2] The district

___

[1] On April 2, 2018, the district court denied the State's motion to introduce *Prieur* evidence (the former trial testimony of L.F.). The State noticed its intent to seek supervisory writs. On April 3, 2018, we reversed the district court's ruling, stating: "relying on *State v. Lyons,* 2018-0280 (La. App. 4 Cir. 3/29/18), 2018 WL 1530667, *citing State v. Rose,* 06-0402 (La. 2/22/07), 949 So.2d 1236, we find the trial court abused its discretion in excluding the evidence sought to be introduced by the State." Defendant filed a writ with the Louisiana Supreme Court, which was denied.

[2] Defendant's multiple offender adjudication is based on Defendant's October 21, 2008 guilty plea to the aggravated battery of L.F. in the 19th Judicial District Court for the Parish of East Baton Rouge.

court judge vacated Defendant's prior sentence and resentenced him to twenty years with credit for time served.

Defendant timely filed this appeal.

A full recitation of the trial testimony during the third trial is unnecessary in that Defendant's arguments are not based on sufficiency of the evidence but on his claims that the trial infringed on his constitutional rights.

On appeal, Defendant urges a total of five Assignments of Error: three Assignments of Error in his original brief, claiming error in the (1) declaration of the second mistrial and denial of Defendant's Motion to Quash, (2) denial of his constitutional right of confrontation, and (3) imposition of an excessive sentence; and two Supplemental Assignments of Error in his supplemental brief, claiming (1) Defendant's third trial violated the prohibition against double jeopardy, and (2) jury selection in Defendant's third trial was plagued with additional errors patent.

For the reasons that follow, we affirm Defendant's conviction and sentence.

A review of the record reveals no errors patent.

In his supplemental brief's second assignment of error, Defendant argues that his trial was "plagued with additional errors patent," particularly, errors pertaining to the "step-one" requirement of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and the Defendant's Sixth Amendment right to a public trial when the public was excluded from the jury strike process.

The scope of this Court's review extends only to errors assigned by Defendant and to such error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La. C.Cr.P. art. 920. In accordance with La. C.Cr.P. art. 920, we review all appeals for errors patent on the face of the record.

In *State v. Kelly*, 15-0484, p. 6 (La. 6/29/16), 195 So.3d 449, 453, the

Louisiana Supreme Court noted:

> Louisiana courts have long screened appeals for patent error. *See, e.g., State v. Behan,* 20 La. Ann. 389 (1868). Currently, in accordance with La. C.Cr.P. art. 920, all appeals are routinely reviewed for errors patent on the face of the record. *See, e.g., State v. Shaw,* 12-686 (La. App. 5 Cir. 1/16/13), 108 So.3d 1189, 1197; *State v. Celestine,* 11-1403 (La. App. 3 Cir. 5/30/12), 91 So.3d 573, 575; *State v. Bourda,* 10-1553 (La. App. 3 Cir. 6/8/11), 70 So.3d 82, 83. La. C.Cr.P. art. 920 provides: "The following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) **An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.**" (emphasis in original). The substance of Article 920(2) was taken from former La. R.S. 15:503 which "defined an error 'patent on the face of the record.'" La. C.Cr.P. art. 920, 1966 Revision Comment (c) (as amended to conform to 1974 amendment). Former La. R.S. 15:503 provided: "An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record." In *State v. Oliveaux,* 312 So.2d 337, 339 (La. 1975) the Court explained the scope of review under La. C.Cr.P. art. 920(2):
>
> > We have determined that the record in a criminal case includes the caption, the statement of time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the mentioning of the impaneling of the jury, the verdict, and the judgment, *State v. Palmer,* 251 La. 759, 206 So.2d 485 (1968), *State v. Sanford,* 248 La. 630, 181 So.2d 50 (1965); the bill of particulars filed in connection with a short form indictment or information, *State v. Picou,* 236 La. 421, 107 So.2d 691 (1959); and, in capital cases, a minute entry indicating that the jury had been sequestered as required by La. C.Cr.P. Art. 791, *State v. Hunter,* 306 So.2d 710 (La. 1975), *State v. Luquette,* 275 So.2d 396 (La. 1973).

Defendant's *Batson* challenge and right to a public jury strike process

argument are not included in the purview of an error patent review and were not

preserved for review via contemporaneous objection. Defendant points to no

jurisprudence suggesting that alleged racial discrimination during the exercise of

4

peremptory challenges and violation of the Sixth Amendment right to a public trial may be reviewed on appeal in the absence of a contemporaneous objection. [3] Defendant can raise counsel's purportedly deficient performance during jury selection in post-conviction proceedings during which the district court can conduct a full evidentiary hearing on the matter, if it determines that one is warranted. La. C.Cr. P. art 930.3; *State v. Martin*, 427 So.2d 1182, 1186 (La. 1983) ("A defendant, who failed to object to that possible deficiency at a time when the problem could have been easily resolved, has an adequate remedy by post-conviction application to show any possible violation of his Sixth Amendment rights"); *see also*, *State v. Bagneris*, 02-0773, pp. 11- 12 (La. App. 4 Cir. 10/16/02), 830 So.2d 1047, 1054-55 (where this Court found that the issue of defense counsel's purported failure to meaningfully participate and include defendant in the jury selection process was a matter more properly addressed in an application for post-conviction relief filed in the district court where a full evidentiary hearing could be conducted); *see also, State v. Paulson*, 15-0454, p. 9 (La. App. 4 Cir. 9/30/15), 177 So.3d 360, 367. Therefore, Defendant's supplemental assignment of error two was not preserved.

---

[3] A defendant cannot avail himself of an alleged error unless he made a contemporaneous objection at the time of the error. La. C.Cr.P. art. 841(A); The Louisiana Supreme Court has traditionally applied La. C.Cr.P. art. 841 to errors occurring during *voir dire.* It has consistently held that a defendant waives review of irregularities in the selection of the jury when an objection is not timely raised. *State v. Tilley*, 99-0569, p.17, n.10 (La. 7/6/00), 767 So.2d 6, 21; s*ee also, State v. Potter*, 591 So.2d 1166, 1168-69 (La.1991) (failure to make *Batson* objection waived issue on appeal); *State v. Spencer*, 446 So.2d 1197, 1200 (La. 1984) (review of improper exclusion of blacks from jury not preserved for appeal); *State v. Whitt*, 404 So.2d 254, 260 (La.1981) (objection to failure to sequester jury at an earlier time waived); and *State v. Bazile*, 386 So.2d 349, 351 (La.1980) (improper procedure for selecting venire not reviewable where objection was made after jury was sworn).

In assignment of error one and supplemental assignment of error one, Defendant argues that the second mistrial was illegal under La. C.Cr.P. art. 775[4] and that further prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, Article I, § 15 of the 1974 Louisiana Constitution, and La. C.Cr.P. art 591.

The State argues that because Defendant failed to seek emergency review of the order of mistrial pursuant to La. C.Cr.P. art. 775.1, he waived his right to proceed to trial with the provisionally-dismissed jury. We agree.

La. C.Cr.P. art. 775.1 provides:

> If a judge orders a mistrial, then upon motion of either the state or the defendant, the court shall order an automatic twenty-four-hour stay of all proceedings in which either the state or the defendant may take an emergency writ application to the appropriate reviewing courts with appellate jurisdiction, including the Louisiana Supreme Court. The jury shall not be released pending the stay unless both the state and defendant agree to release the jury.

Our Court in *State v. Copelin,* 16-0264 (La. App. 4 Cir. 12/7/16), 206 So.3d 990, 1000, *writ denied,* 17-0047 (La. 9/29/17), 227 So.3d 286, held that a defendant failed to preserve for review the issue of whether the district court erred by unnecessarily granting mistrial without his consent, such that retrial violated double jeopardy, where defendant failed to request a twenty-four hour automatic

---

[4] La. C.Cr.P. art. 775 provides in pertinent part:

> A mistrial may be ordered, and in a jury case the jury dismissed, when:
> …
> (2) The jury is unable to agree upon a verdict;
> (3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
> (4) The court finds that the defendant does not have the mental capacity to proceed;
> (5) It is physically impossible to proceed with the trial in conformity with law; or
> (6) False statements of a juror on voir dire prevent a fair trial.

stay of proceedings to preserve the status quo pending an appellate court's ruling on the issue under La. C.Cr.P. art. 775.1.

In *Copelin*, our Court described the necessity to invoke the automatic stay provision as follows:

> By imposing an automatic stay when invoked, Article 775.1 precludes a trial court from simultaneously granting a mistrial and dismissing the jury and thereby depriving the aggrieved party from seeking appellate review. Indeed, the apparent purpose for enacting Article 775.1 was to create a procedural device for the aggrieved party to preserve the status quo pending an appellate court's ruling on the issue. An aggrieved party's remedy is not to seek reconsideration of the issue before the trial court; rather, their remedy is to request a twenty-four hour automatic stay of the proceedings—thereby delaying the release of the jury—in order to file an emergency writ application with the appropriate appellate court and, if necessary, the Louisiana Supreme Court.
>
> *   *   *
>
> Contrary to Mr. Copelin's contention, if he had invoked Article 775.1, the district court could not have simultaneously granted a mistrial and discharged the jury. If he had invoked Article 775.1, it would have resulted in an automatic stay; the district court would have been mandated to instruct the jury that its ruling granting the mistrial was not final.

*Copelin,* 16-0264, pp. 14-15, 206 So.3d at 1000.

Following *Copelin,* we find that Defendant failed to seek emergency review of the district court's mistrial order in accordance with La. C.Cr.P. art 775.1, and therefore, waived his right to proceed to trial with the dismissed jury. Defendant's original and supplemental assignments of error one lack merit.

Defendant next argues in assignment of error two that the district court erred in finding that L.F. was unavailable to testify at the third trial and that his Sixth Amendment right of confrontation was violated when the district court allowed the State to introduce the prior testimony of L.F. We disagree and find that the district court properly declared L.F. unavailable and admitted her prior testimony.

7

Prior to opening statements, the district court conducted a hearing outside the presence of the jury concerning the State's efforts to subpoena L.F. According to the State, two District Attorney investigators attempted to serve a subpoena on L.F. for the third trial. Service was attempted on L.F. at her last two known addresses, one in Baton Rouge and the other in Patterson, but L.F. could not be located. The investigators spoke to L.F.'s neighbors at the Baton Rouge address and were told she had moved away to an unknown location. Neighbors at the Patterson address were shown a photograph of L.F., however, no one recognized her. Investigators left a copy of the subpoena at both addresses. Additionally, the District Attorney's Office made several calls to L.F.'s family members, including her sister, to ascertain L.F.'s location. The family members were reluctant to provide any information, but L.F.'s sister did report that the last time she spoke to L.F., L.F. told her that she was not interested in testifying and had no interest in cooperating as a witness. Two days before trial, the District Attorney's Office was able to contact L.F., who, during their brief conversation, informed them that she was unwilling to testify and did not provide her location. All subsequent attempts to contact L.F. were unsuccessful. At the conclusion of the hearing, the district court declared the witness unavailable and admitted the transcript of her testimony.[5]

Louisiana Code of Evidence article 804(A) provides that "a declarant is 'unavailable as a witness' when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court." This includes when

---

[5] On October 18, 2018, Defendant moved the district court to reconsider its ruling. The district court refused. Defendant sought supervisory review of the adverse ruling; this Court denied writs. *State v. Lewis,* 18-0895 (La. App. 4 Cir.10/18/18) (*unpub.*).

the declarant is "absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means." When a witness is declared "unavailable," a party may offer "[t]estimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered…had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." La. C.E. art. 804(B)(1).

Determining the unavailability of a witness is a preliminary question for the district court. La. C.E. art. 104(A). A district court's ruling as to a witness' availability may not be disturbed on appeal absent an abuse of discretion. *State v. Johnson*, 13-0343, p. 18 (La. App. 4 Cir. 10/1/14), 151 So.3d 683, 695 (citing *State v. Ball*, 00-2277, p. 26 (La. 1/25/02), 824 So.2d 1089, 1112).

Even when the witness is determined to be unavailable, the use of the prior testimony must not violate the defendant's right to confrontation under the Sixth Amendment. *Johnson*, 13-0343, pp. 18-19, 151 So.3d at 695 (citing *State v. Hills,* 379 So.2d 740, 743-44 (La. 1980); *State v. Pearson,* 336 So.2d 833, 835 (La. 1976)). In order to protect this constitutional right, certain conditions must be met before allowing the prior testimony to be introduced into evidence in the present trial:

> (1) defendant must have been represented by counsel at the earlier hearing; (2) the witness testified under oath; (3) the witness was cross-examined or else there was a valid waiver of the right to cross-examination; (4) at the time of the trial, the witness (whether out of state or not) is unavailable or unable to testify; and (5) the state has made a good faith diligent effort to obtain the presence of the witness, including by its out-of-state subpoena powers where appropriate.

*State v. Patterson*, 15-0775, p. 6 (La. App. 4 Cir. 3/16/16), 191 So.3d 620, 625.

The record reflects that Defendant was represented by counsel at his first trial, and the transcript of L. F.'s testimony indicates she testified under oath. Moreover, the transcript shows that when the State tendered the witness to defense counsel for cross-examination, defense counsel had no questions.

At the hearing to determine whether L. F. should be declared unavailable, the District Attorney's investigators made clear that, despite their good faith efforts to subpoena L. F., they were unable to locate her. Therefore, L. F. was "unavailable" to testify. Thus, the district court did not err by declaring L. F. unavailable and admitting her prior testimony, nor was Defendant's right to confrontation violated.

Even if the district court erred, confrontation claims are subject to harmless error analysis. *State v. Hunter*, 18-0206, p.10 (La. App. 4 Cir. 8/22/18), 252 So.3d 1053, 1062; *State v. Patterson*, 16-1104, p. 20 (La. App. 4 Cir. 3/7/18), 241 So.3d 433, 447; *State v. Moore*, 10-0314, p. 7 (La. App. 4 Cir. 10/13/10), 57 So.3d 1033, 1038-39. The evidence establishing Defendant's guilt in this case was substantial. Victim and two witnesses identified Defendant as the assailant. Therefore, Defendant's assignment of error two lacks merit.

Defendant next contends in assignment of error three that his sentence is excessive. A review of the record reveals that Defendant failed to preserve this assignment of error for appellate review.

This Court has explained that pursuant to La. C.Cr.P. art. 881.1, "[a]bsent the filing of a timely written motion for reconsideration of sentence or making of an oral objection at the sentencing hearing, a defendant is precluded from urging on appeal any ground of objection to the sentence." *State v. Degregory*, 18-0779,

p. 17 (La. App. 4 Cir. 6/12/19), 274 So.3d 902, 912-13 (quoting *State v. Kirkling*, 04-1906, p. 5 (La. App. 4 Cir. 5/18/05), 904 So.2d 786, 790).

This Court further explained that "[t]he jurisprudence has construed Article 881.1 as requiring a defendant who is multiple billed to file separate motions to reconsider his initial sentence and his new sentence imposed after his multiple bill adjudication." *Degregory*, 18-0779, p. 18, 274 So.3d at 913 (quoting *Kirkling*, 04-1906, p. 6, 904 So.2d at 790). Because Defendant failed to object and file a motion to reconsider his sentence as a second offender, appellate review of Defendant's sentence is "limited to a bare review for constitutional excessiveness." *Id.*, 18-0779, p. 18, 274 So.3d at 913 (quoting *State v. Zeitoun*, 17-0366 (La. App. 4 Cir. 11/8/17), 231 So.3d 934, 945, *writ denied*, 17-2034 (La. 6/1/18), 244 So.3d 435).

"The trial judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed." *State v. Bradley*, 18-0734, p. 8 (La. App. 4 Cir. 5/15/19), 272 So.3d 94, 99-100 (quoting *State v. Williams*, 15-0866, pp. 12-13 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 250). A sentence is excessive, even when it is within the applicable statutory range, if it is "'grossly disproportionate to the seriousness of the offense or imposes needless and purposeless pain and suffering.'" *Bradley*, 18-0734, p. 8, 272 So.3d at 100.

In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice. *Id.* The excessiveness of a sentence is a question of law, and a reviewing court will not

set aside a sentence absent a manifest abuse of discretion by the district court. *Id.*, 18-0734, pp. 8-9, 272 So.3d at 100.

Under La. R.S. 14:34, whoever commits the crime of aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both. However, as a second offender, Defendant was exposed to a sentence of imprisonment for not less than one-half the longest term (five years) and not more than twice the longest term (twenty years) prescribed for a first conviction. *See* La. R.S. 15:529.1A (1).[6] The district court sentenced Defendant to twenty years.

Although the district court did not articulate reasons for the sentence, in reviewing a claim that a sentence is excessive, "an appellate court generally 'must determine whether the district judge has adequately complied with statutory guidelines in La. C.Cr.P. art. 894.1,' and whether the sentence is warranted under the facts established by the record." *State v. Ravy*, 19-0144, p. 20 (La. App. 4 Cir. 9/11/19), 282 So.3d 289, 303-04 (quoting *State v. Boudreaux*, 11-1345, p. 5 (La. App. 4 Cir. 7/25/12), 98 So.3d 881, 885).

"The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions." *Ravy*, 19-0144,

---

[6] La. R.S. 15:529.1A (1) states:

> A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

> (1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

p. 20, 282 So.3d at 304 (quoting *State v. Gibson*, 15-1390, p. 10 (La. App. 4 Cir. 7/6/15), 197 So.3d 692, 699). "Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Article 894.1." *Id.*

Sentencing Defendant to twenty years at hard labor for aggravated battery was not excessive.[7] The record shows that Defendant has a history of unprovoked, vicious attacks on women. One of his victims was the mother of his child and the other was a dating partner. The attacks on his victims continued as each struggled to avoid having her throat slashed. The record was devoid of any mitigating factors. Thus, Defendant's assignment of error three is meritless.

Considering the foregoing and finding no merit to any of Defendant's assignments of error, we affirm his conviction and sentence.

**AFFIRMED.**

---

[7] Other circuits have not found the same sentence excessive. *See State v. Cyriak*, 10-591, p.8 (La. App. 3 Cir. 12/8/10), 52 So.3d 324, 330; *State v. Fuller*, 37,626, p. 3 (La. App. 2 Cir. 10/16/03), 859 So.2d 215, 216.